Christopher D. Nissen, Esq. (SBN 202034)
Katherine Stewart, Esq. (SBN 325234)
**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
555 South Flower Street, Suite 2900
Los Angeles, California 90071
Tel:  (213) 443-5100
Fax:  (213) 443-5101
E-mail: Christopher.Nissen@wilsonelser.com
         Katherine.Stewart@wilsonelser.com

Attorneys for Defendants,
T-PINE LEASING CAPITAL CORPORATION, 2611336 ONTARIO INC., and 1706718 ALBERTA LTD.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| KEVIN BOJORQUEZ LUGO, an individual; HUMBERTO PRADO, an individual; CARLOS ESTEVAN GARCIA, an individual;<br><br>Plaintiffs,<br><br>v.<br><br>ANNA JOANNA SZMIT, an individual; T-PINE LEASING CAPITAL CORPORATION, a corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No: 2:22-cv-1082<br><br>**NOTICE OF REMOVAL UNDER 28 U.S.C. §§ 1332(a) & 1441(b)**<br><br>Removed from the Superior Court of California, County of Los Angeles, Case No. 20STCV35342 |

TO THE CLERK OF THE UNITED STATES COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION:

**PLEASE TAKE NOTICE** that Defendants 2611336 ONTARIO INC., a Canadian Corporation with its principal place of business in Ontario, Canada, 1706718 ALBERTA LTD., a Canadian Corporation with its principal place of business in Alberta, Canada, and T-PINE LEASING CAPITAL CORPORATION, a Canadian Corporation with its principal place of business in Ontario, Canada (collectively, the "Removing Defendants"), hereby remove civil action number 20STCV35342 from the Superior Court of the State of California

1
NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332 & 1441

266332536v.1

for the County of Los Angeles to the United States District Court for the Central District of California, Western Division, pursuant to 28 U.S.C. §§ 1332(a) and 1441(b). As shown below, this Court has diversity jurisdiction because Plaintiffs KEVIN BOJORQUEZ LUGO, HUMBERTO PRADO, and CARLOS ESTEVAN GARCIA ("Plaintiffs") are completely diverse from Defendants and the amount in controversy exceeds the $75,000 minimum threshold.

On February 16, 2022, undersigned counsel met and conferred with Plaintiffs' counsel Mark Nagle regarding Removing Defendants' intention to remove the case to federal court and Mr. Nagle, on Plaintiffs' behalf, stipulated to removing this action to federal court. Decl. of Katherine A. Stewart ¶ 28.

In accordance with 28 U.S.C. § 1446(a), the Removing Defendants have attached true and correct copies of the Notices and Acknowledgment of Receipt, dated January 27, 2022, and true and correct copies of all process, pleadings and orders that are part of the state court file as of the date of this filing. *See* Exhibits 1-16 hereto; Decl. of Katherine A. Stewart ¶¶ 2-17.

More specifically, the grounds and the reasons for removal are described below:

## I. STATEMENT OF THE CASE

Plaintiffs filed their Complaint for Damages ("Complaint") on September 15, 2020 in the Superior Court for Los Angeles County, California, naming ANNA JOANNA SZMIT, a resident of Canada, T-PINE LEASING CAPITAL CORPORATION, and DOES 1-50. *See* true and correct copy of the Complaint attached hereto as Exhibit 1.

According to the Complaint, Plaintiff KEVIN BOJORQUEZ LUGO ("LUGO"), was the operator of a 2012 Nissan Murano bearing California license plate number 7BYP832 (hereinafter, the "NISSAN") on southbound Interstate 5 Freeway in the number 1 lane, approximately 2,000 feet south of Calgrove Boulevard. Plaintiffs HUMBERTO PRADO ("PRADO") and CARLOS

|   |   |
|---|---|
| 1 | ESTEVAN GARCIA ("GARCIA") were restrained passengers in the NISSAN. |
| 2 | Defendant SZMIT was operating 2019 Volvo VNL860 tractor bearing Alberta, |
| 3 | Canada license plate number E96580, pulling a trailer bearing Ontario, Canada |
| 4 | license plate number P6273K (hereinafter, the "SEMI-TRUCK") southbound on |
| 5 | Interstate 5 Freeway in the number 4 lane, approximately 2,000 feet south of |
| 6 | Calgrove Boulevard. Plaintiffs allege they suffered injuries in a multivehicle |
| 7 | accident occurring at approximately 3:34 a.m. on November 9, 2018. Exh. 1 at ¶ |
| 8 | 13. Plaintiffs allege the accident occurred after not-properly served Defendant |
| 9 | SZMIT attempted a lane change due to an oncoming traffic collision ahead of her, |
| 10 | at which point the SEMI-TRUCK collided and scraped the right side of the |
| 11 | NISSAN and caused the NISSAN to collide with the concrete center wall. *Id.* |
| 12 | At the time of this removal, Removing Defendants have not answered the |
| 13 | complaint and understand that Plaintiffs have not served Defendant SZMIT. |
| 14 | Plaintiffs's Complaint includes a count for "Negligence –Against ANNA |
| 15 | JOANNA SZMIT, and DOES 1 through 50, Inclusive", "Negligent Entrustment – |
| 16 | Against Defendant T-PINE LEASING CAPITAL CORPORATION, and DOES 1 |
| 17 | through 50, Inclusive", and "Negligent Hiring, Supervision and Retention – |
| 18 | Against Defendant T-PINE LEASING CAPITAL CORPORATION, and DOES 1 |
| 19 | through 50, Inclusive". *Id.* at ¶¶ 18-37. Each Plaintiff alleges injuries that include |
| 20 | grievous and permanent injuries with regard to health, strength, and activity, |
| 21 | "injuries to Plaintiffs' bodies and shock and injury to Plaintiffs' nervous systems |
| 22 | and persons, all of which said injuries have caused and continue to cause |
| 23 | Plaintiffs great physical, mental and emotional pain and suffering", and that will |
| 24 | result in "permanent and degenerative disabilities to Plaintiffs." *Id.* at ¶ 22. |
| 25 | Plaintiffs further claim that they employed the services of "hospitals, physicians, |
| 26 | surgeons, nurses, and the like… and will necessarily incur like additional |
| 27 | expenses for an indefinite period of time in the future." *Id.* at ¶¶ 21, 29.  Plaintiffs |
| 28 | each seek to recover the following categories of damages under CAL. CODE |

CIV. PROC. § 425.10 in their Prayer: "general damages", "past, present, and/or future loss of earnings, loss of earning capacity, loss of employee benefits, including vacation benefits, and other special damages," "past, present, and/or future hospital, medical, professional and incidental expenses, including property damages", and "past, present, and/or future economic damages." Exh. 1 at 8, ¶¶ 1-7.

On November 10, 2020, Plaintiffs filed an Amendement to Complaint naming 2197036 ONTARIO INC. DBA HEFTY FREIGHT as DOE 1. *See* true and correct copy of Amendment to Complaint attached hereto as Exhibit 7; Decl. of Katherine A. Stewart ¶ 8.

On November 12, 2020, Plaintiffs filed an Amendment to Complaint naming 2611336 ONTARIO INC. as DOE 2. *See* true and correct copy of Amendment to Complaint attached hereto as Exhibit 8; Decl. of Katherine A Stewart ¶ 9.

On July 26, 2021, Plaintiffs filed an Amendment to Complaint naming 1706718 ALBERTA LTD. as DOE 3. *See* true and correct copy of Amendment to Complaint attached hereto as Exhibit 9; Decl. of Katherine A Stewart ¶ 10.

On January 27, 2022, Defendants 2611336 ONTARIO INC., 1706718 ALBERTA LTD., and T-PINE LEASING CAPITAL CORPORATION returned executed Notices and Acknowledgment of Receipt of the Summons and Complaint to Plaintiffs. *See* Exhibits 13-15; Decl. of Katherine A. Stewart ¶¶ 14-16.

**II.   TIMELINESS, JOINDER, AND VENUE**

The Complaint is removable under 28 U.S.C. § 1332(d)(2). The Removing Defendants have satisfied all procedural requirements of 28 U.S.C. § 1446 and hereby remove this action to the United States District Court for the Central District of California, Western Division, pursuant to 28 U.S.C. §§ 1332 and 1446.

The Complaint was filed in the Superior Court for Los Angeles County,

California on September 15, 2020. *See* Exh. 1.

Plaintiffs initial attempts to serve driver SZMIT and Removing Defendants have been improper.

Plaintiffs filed a Proof of Service of Summons to Defendant SZMIT, however, service was improper as she was served at the location of TPine Leasing Capital L.P., an entity with whom she is not employed and is not authorized to accept service on her behalf or on behalf of any named defendants. *See* Exh. 4; Decl. of Katherine A. Stewart ¶¶ 24-25.

Plaintifs filed a Proof of Service of Summons as to Defendant 1706718 ALBERTA LTD., however, the substitute service was improper as they were served at an unaffiliated residential address that is not the usual place of business. *See* Cal. Code Civ. Proc. § 415.20(b); *Evartt v. Superior Court*, 89 Cal.App.3d 795, 802 (1979) ("exercising reasonable diligence to effect personal service" is a "mandatory prerequisite for [substituted] service"). *See* Exh. 10.

Plaintiff also filed a Proof of Service of Summons for Defendant 2611336 ONTARIO INC., however, the service was improper as they were served at the address of Co-Defendant 2197036 ONTARIO INC. dba HEFTY FREIGHT, an entity completely unaffiliated with Removing Defendant 2611336 ONTARIO INC. *See* Exhs. 11, 19, and 22; Decl. of Katherine A. Stewart at ¶ 26.

Prior to the Defendants executing Notices and Acknowlegement of Receipt, Plaintiffs filed a Proof of Service of Summons to Defendant T-PINE LEASING CAPITAL CORPORATION; however, that service was improper as service was at the the wrong location, *i.e.*, a location in California operated by TPine Leasing Capital L.P., an entity that is entirely separate from Defendant T-PINE LEASING CAPITAL CORPORATION and has nothing to do with the subject lawsuit. *See* Exh. 5; Decl. of Katherine A. Stewart ¶¶ 24-25.

Counsel met and conferred regarding improper service and agreed to serve the Summons and Complaint on Counsel for Defendants 2611336 ONTARIO

INC., 1706718 ALBERTA LTD., and T-PINE LEASING CAPITAL CORPORATION, who executed Notices and Acknowledgement of Receipt forms to accept the Summons and Complaint on January 27, 2022. *See* Exhs. 13-15; Decl. of Katherine A. Stewart ¶ 27.

This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)(2)'s codified "last-served defendant" rule because it is filed within 30 days of Defendant 2611336 ONTARIO INC.'s receipt of the Complaint. *See* 28 U.S.C. § 1446(b)(2)(B) ("Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal"); *see also Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 347-348 (1999) (removal is timely if filed within 30 days of formal service of summons and complaint); *Quality Loan Serv. Corp. v. 24702 Pallas Way*, 635 F.3d 1128, 1133 (9th Cir. 2011) (same); *Lewis v. City of Fresno*, 627 F.Supp.2d 1179 (E.D. Cal. 2008) (the last-served rule states that the last-served defendant is allowed a full 30 days after being served to remove).

Further, the one year time limit for diversity jurisdiction is inapplicable. Under 28 U.S.C § 1446(c)(1), "[a] case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." Subsection (b)(3) refers to cases where the initial pleading is not removable. Consequently, for the one-year time limit for removal to apply, the case must be premised on diversity jurisdiction and the initial pleading must not have been removable. *See Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1316-17 (9th Cir. 1998) ("The first paragraph of § 1446(b) addresses a defendant's right to promptly remove when he is served. The second paragraph addresses a defendant's right to remove beyond the initial period of 30 days, if the case only becomes removable sometime after the initial commencement of the action. Only

the latter type of removal is barred by the one-year exception."). Here, the case is premised on diversity jurisdiction, however, the initial pleading was removable. Accordingly, the one-year time limit for removal does not apply and this Notice of Removal is timely.

None of the properly joined and served defendants are a citizen of the State in which this action is brought, and thus removal is proper under 28 U.S.C. § 1441(b)(2). *Dechow v. Gilead Scis., Inc.*, 358 F. Supp. 3d 1051, 1054-55 (C.D. Cal. 2019) ("[T]he Court adopts the plain language interpretation of § 1441(b)(2), which requires a party to be properly joined *and* served before the forum defendant rule may limit the Court's jurisdiction." (emphasis in original)); *Jacob v. Mentor Worldwide LLC*, 393 F. Supp. 3d 912, 921 (C.D. Cal. 2019) (remand denied where California holding company was not a participant in producing or supplying allegedly defective product and was thus a fraudulently joined defendant).

Defendant SZMIT has not been properly served and, therefore, her consent is not required by Removing Defendants. *See Hernandez v. Ignite Restaurant Grp., Inc.*, 917 F.Supp.2d 1086, 1089 (E.D. Cal. 2013) ("there is no requirement for non-served defendants to join the petition for removal."); *Yount v. Shashek*, 472 F.Supp.2d 1055, 1061 ("A removing defendant may explain such absence of consent by showing that a non-consenting co-defendant was not served at the time of removal, that the co-defendant was fraudulently joined, or that the co-defendant is a nominal party.").

Plaintiffs' counsel have not located Defendant SZMIT in order to complete service. Decl. of Katherine A. Stewart ¶ 18. Defendant 2197036 ONTARIO INC. has not responded as it was not involved in the collision in any way and is therefore a fraudulently joined defendant whose consent to remove is not required.

The United States District Court for the Central District of California,

Western Division, is the district within which the state court action is pending, and is, therefore, the proper venue for this action. *See* 28 U.S.C. §§ 1446(a). Venue is proper in that the United States District Court for the Central District of California, Western Division is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. *See* 28 U.S.C. § 84(c).

Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the Superior Court of California, County of Los Angeles, and will be served on all adverse parties.

### III. BASIS FOR REMOVAL JURISDICTION.

Subject matter jurisdiction rests with the federal courts in this action on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. The District Court has original jurisdiction over this action under 28 U.S.C. § 1332 and the Removing Defendants may remove the action pursuant to 28 U.S.C. § 1441, as follows:

#### A. Diversity Jurisdiction is Satisfied

As alleged in the Complaint and based on investigation, Plaintiffs KEVIN BOJORQUEZ LUGO, HUMBERTO PRADO, and CARLOS ESTEVAN GARCIA, are all permanent resident citizens and domiciles of the State of California. Exh. 1, Complaint at. 2, ¶¶ 3-5.

Defendant SZMIT, as alleged in the Complaint, is an individual citizen of Canada and resident of the City of Belle River, Ontario, Canada. Exh. 1 at 1, ¶ 1.

Defendant T-PINE LEASING CAPITAL CORPORATION, as correctly alleged in the Complaint, is a corporation organized under Canadian law and is incorporated in Canada. Exh. 1 at 2 ¶ 2; Exh. 20; Decl. of Katherine A. Stewart at ¶¶ 22, 24-25. Defendant T-PINE's principal place of business is Mississauga, Ontario, Canada, the location of its corporate headquarters. *See Hertz Corp. v. Friend*, 559 U.S. 77, 80–81 (2010) (adopting the "nerve center test" wherein "'principal place of business' refers to the place where the corporation's high

level officers direct, control, and coordinate the corporation's activities, . . . typically . . . a corporation's headquarters"). Decl. of Katherine A. Stewart at ¶ 22; Exh. 20. Accordingly, Defendant T-PINE LEASING CAPITAL CORPORATION is considered a citizen of Canada under 28 U.S.C. §§ 1332(c)(1).

Defendant 2611336 ONTARIO INC. is a corporation organized under Canadian law and incorporated in Ontario, Canada, with its principal place of business in Milton, Ontario, Canada, the location of its corporate headquarters. Decl. of Katherine A. Stewart at ¶ 21; Exh. 19. Accordingly, Defendant 2611336 ONTARIO INC. is considered a citizen of Canada under 28 U.S.C. § 1332(c)(1).

Defendant 1706718 ALBERTA LTD. is a corporation organized under Canadian law and incorporated in Alberta Canada, with its principal place of business in High River, Alberta, Canada, the location of its corporate headquarters. Decl. of Katherine A. Stewart at ¶ 23, Exh. 21. Accordingly, Defendant 1706718 ALBERTA LTD. is considered a citizen of Canada under 28 U.S.C. § 1332(c)(1).

Defendant 2197036 ONTARIO INC. dba Hefty Freight is corporation organized under Canadian law and incorporated in Ontario, Canada, with its principal place of business in Georgetown, Ontario, Canada, the location of its corporate headquarters. Decl. of Katherine A. Stewart at ¶ 20; Exh. 18. Accordingly, Defendant 2197036 ONTARIO INC. is considered a citizen of Canada under 28 U.S.C. § 1332(c)(1).

The defendants identified in the Complaint as DOES 4 through 50 are fictitious parties who are to be "disregarded" for purposes of determining whether the action is removable under 28 U.S.C. §§ 1441(b)(1).

**B.     Amount in Controversy is Facially Apparent**

It is facially apparent in Plaintiff's Complaint that the amount in controversy is in excess of $75,000.00 as follows:

In the Complaint, Plaintiffs allege Defendants caused them to suffer grievous, permanent, and degenerative disabilities and injuries, that required them to incur expenses for hospitals, physicians, and surgeons. Exh. 1 at p. 5, ¶ 21. They allege past, present, and future medical, professional, and incidental expenses. Exh. 1. As demonstrated by prior precedent, Plaintiffs' claim for grievous, permanent, and degenerative disabilities and injuries is sufficient to establish that the amount in controversy exceeds $75,000 on the face of the Complaint. *See Hammerland v. C.R. Bard, Inc.*, No. 2:15-cv-05506-SVW-JEM, 2015 U.S. Dist. LEXIS 134962, 2015 WL 5826780 (C.D. Cal. Oct. 2, 2015) ("In cases involving severe injuries, especially those requiring surgery, courts have found it facially apparent from the complaint that the amount in controversy was satisfied.").

Further, pre-litigation, Plaintiffs provided a policy limits demand that stated Plaintiff HUMBERTO PRADO was diagnosed with a left knee anterior cruciate ligament ("ACL") and meniscus tear requiring surgery, a right ankle injury for which he has been recommended a right ankle arthroscopic surgery and debridement, a left toe injury, and lumbar spine herniations that will require, at a minimum, injections in his lumbar spine. Decl of Katherine A. Stewart at ¶ 19; Exh. 17. He underwent a left knee ACL reconstruction surgery on February 20, 2019. Exh. 17. Per the demand, his knee has experienced a resurgence of pain consistent with post-operative changes and will require a total knee replacement. *Id.* Plaintiff HUMBERTO PRADO is claiming $15,235.85 in past medical specials and $155,500 in future medical specials. *Id.*

Per the demand and medical records, Plaintiff KEVIN LUGO also sustained severe injuries which required medical intervention. Decl of Katherine A. Stewart at ¶ 19; Exh. 17. He sustained an anterior glenoid labral tear that required an arthroscopic labral repair and debridement on March 6, 2019, lumbar spine herniations requiring lumbar PRP injections and facet injections bilaterally

from L4 to S1, and pain and soreness in his neck and hemipelis. Exh. 17. Plaintiff KEVIN LUGO is claiming more than $31,834.57 in past medical specials and at least $30,000 in future medical specials. *Id.*

Plaintiff CARLOS GARCIA sustained lumbar spine herniations requiring injections and a right shoulder injury. Decl of Katherine A. Stewart at ¶ 19; Exh. 17. He is claiming $5,085 in past medical specials and at least $7,500 in future medical specials. *Id.*

Additionally, each Plaintiff claims "significant past and future loss of earnings claims." Decl of Katherine A. Stewart at ¶ 19; Exh. 17. Plaintiff CARLOS GARCIA has been given permanent restrictions of no lifting over 25 pounds which is anathema to his job in construction. Exh. 17.

"A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) ("This evidence is sufficient to establish the amount in controversy."); *Babasa v. Lenscrafters, Inc.*, 498 F.3d 972, 975 (9th Cir. 2007) (holding that demand letter to employer seeking $4.5 million in unpaid wages, plus an additional $5 million in civil penalties, was sufficient to put employer on notice that the amount in controvesey exceeded federal class action diversity jurisdiction requirements so as to support removal); *Wilson v. Belin*, 20 F.3d 644, 651 n. 8 (5th Cir. 1994) ("Because the record contains a letter, which plaintiff's counsel sent to defendants stating that the amount in controversy exceeded $50,000, it is 'apparent' that removal was proper.").[1]

---

[1] In addition, neither the rule of privilege, confidentiality considerations, nor Federal Rule 408 (even if applicable) precludes the use of settlement demands to establish the amount in controversy. *See, e.g., Cohn*, 281 F.3d at 840 n.3 (Federal Rules of Evidence do not preclude the use of settlement demands to establish the amount in controversy); *Simmons v. PCR Tech.*, 209 F.Supp.2d 1029, 1032 n.2 (N.D. Cal. 2002) ("Federal Rule of Evidence 408 does not disallow reliance on settlement letters to assess amount in controversy"; "These letters are being

Plaintiffs' April 7, 2020 settlement demand for policy limits contains no indiciation that it fails to reflect Plaintiffs' honest assessment of their alleged damages. On the contrary, Plaintiffs fully break down their assessment of the damages in an 8 page document, supported with medical records and expenses, with calculations justifying the amount of past and future medical specials. Thus, Plaintiffs' pre-litigation settlement demand shows that it is more likely than not that the amount in controversy here exceeds $75,000. The demand appears to constitute a reasonable estimate of the amount in controversy. *See, e.g., Rile v. STRS Ohio CA Real Estate Inv. I, LLC*, No. 09-05634 CW, 2010 WL 183965 at *2-3 (N.D. Cal. May 3, 2010) (finding that the removing party had satisfied the amount-in-controversy requirement based on a showing that the plaintiff made a pre-removal settlement offer of $75,000, since that demand constituted "stong evidence that [the plaintiff] consider[ed] the case to be worth more than this amount").

As such, while Removing Defendants deny liability as to Plaintiffs' claims, it is "more likely than not" that the amount in controversy exceeds $75,000, exclusive of interest and costs, as required by 28 U.S.C. § 1332(a). As noted, the demand claims a total of $52,155.42 in past medical specials, plus *at least* $193,000 in future medical specials, for a total of $245,155.42 in past and future medical specials. Decl. of Katherine A. Stewart at ¶ 19; Exh. 17. The demand further claims $18,000 in property damages and an unspecified but "significant past and future loss of earnings claim." *Id.* The amount of claimed medical specials already exceeds the $75,000 jurisdictional limit, not taking into account general damages, property damage, or past and future loss of earnings.

Moreover, Removing Defendants are only required to provide "a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). Because

---

offered to indicate plaintiff's assessment of the value of his claims, rather than to establish liability.").

Plaintiffs' Complaint does not demand a specific amount of damages and indeed California practice does not permit them to demand a certain sum, *see* CAL. CODE CIV. PROC. § 425.10: under Cal. Civ. Proc. Code § 425.10(b) (". . . [W]here an action is brought to recover actual or punitive damages for personal injury or wrongful death, the amount demanded shall not be stated . . . ."), the Removing Defendants are entitled to plausibly "assert the amount in controversy" under 28 U.S.C. § 1446(c)(2) and need not offer any supporting evidence. *See Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (U.S. 2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446 (c)(2) (B) only when the plaintiff contests, or the court questions, the defendants allegation.").

Based on the policy limits demand noting more than $245,155.42 in claimed past and future medical specials, and the allegations of grievous, permanent, and degenerative disabilities and injuries set forth in the Complaint, it is inconceivable that the amount in controversy is less than the $75,000 jurisdictional threshold.

**IV.   CONCLUSION**

WHEREFORE, Removing Defendants 2611336 ONTARIO INC., 1706718 ALBERTA LTD., and T-PINE LEASING CAPITAL CORPORATION pray that this action be removed from Los Angeles County Superior Court to the

//
//
//
//
//
//
//

1  Unite States District Court for the Central District of California, Western
2  Division. Removing Defendants respectfully demand a jury trial.
3
4  Dated:  February 17, 2022              WILSON, ELSER, MOSKOWITZ,
                                          EDELMAN & DICKER LLP
5
6
                                   By:  */s/ Katherine Stewart*
7                                       Christopher D. Nissen, Esq.
                                        Katherine Stewart, Esq.
8                                       Attorneys for Defendants
                                        T-PINE LEASING CAPITAL
9                                       CORPORATION, 2611336 ONTARIO
                                        INC., and 1706178 ALBERTA LTD.
10

# CERTIFICATE OF SERVICE
**Kevin Bojorquez Lugo, et al. v. Anna Joanna Szmit et. al.**
**Attorney for Defendants ANNA JOANNA SZMIT AND T-PINE LEASING**
**WEMED File 14627.00114**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to this action. My business address is 555 South Flower Street, Suite 2900, Los Angeles, California 90071. My electronic service address is jamie.cho@wilsonelser.com.

On February 17, 2022, I served true copies of the following document(s) described as **NOTICE OF REMOVAL UNDER 28 U.S.C. §§ 1332(a) & 1441(b)**

on the interested parties in this action as follows:

**[X]   BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

**[X]   BY MAIL**

Siamak Vaziri, Esq
Vaziri Law Group, A.P.C.
5757 Wilshire Blvd, Suite #670
Los Angeles, California 90036
Tel: (310) 777-7540
Fax: (310) 777-0373

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on February 17, 2022, at Los Angeles, California.

                                                       /s/ *Jamie Cho*
                                                      Jamie Cho