# EXHIBIT 1

Electronically FILED by Superior Court of California, County of Los Angeles on 09/15/2020 04:21 PM Sherri R. Carter, Executive Officer/Clerk of Court, by N. Alvarez,Deputy Clerk
Case 2:22-cv-01082-JAK-MAA   Document 1-2   Filed 02/17/22   Page 2 of 120   Page ID #:23
Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: Thomas Long

**SIAMAK VAZIRI, ESQ.** [SBN. 242447]
svaziri@vazirilaw.com
**DAVID SHAY, ESQ.** [SBN. 241702]
dshay@vazirilaw.com
**ALFONSO ORTEGA, ESQ.** [SBN. 299434]
aortega@vazirilaw.com
**FEDERICO STEA, ESQ.** [SBN. 331293]
fstea@vazirilaw.com
**VAZIRI LAW GROUP, A.P.C.**
5757 Wilshire Blvd, Suite #670
Los Angeles, California 90036
Tel: (310) 777-7540
Fax: (310) 777-0373

Attorneys for Plaintiffs, KEVIN BOJORQUEZ LUGO, HUMBERTO PRADO and CARLOS ESTEVAN GARCIA

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| KEVIN BOJORQUEZ LUGO; HUMBERTO PRADO; CARLOS ESTEVAN GARCIA; <br><br> Plaintiffs, <br><br> vs. <br><br> ANNA JOANNA SZMIT; T-PINE LEASING CAPITAL CORPORATION; and DOES 1 through 50, Inclusive, <br><br> Defendants. | Case No.:　20STCV35342 <br><br> ***Unlimited* COMPLAINT FOR DAMAGES:** <br><br> 1. **NEGLIGENCE** <br><br> 2. **NEGLIGENT ENTRUSTMENT** <br><br> 3. **NEGLIGENT HIRING, SUPERVISION AND RETENTION** <br><br> ***[DEMAND FOR JURY TRIAL]*** |

COME NOW Plaintiffs, KEVIN BOJORQUEZ LUGO, HUMBERTO PRADO, and CARLOS ESTEVAN GARCIA (collectively hereinafter "Plaintiffs") for causes of action against Defendants ANNA JOANNA SZMIT; T-PINE LEASING CAPITAL CORPORATION, and DOES 1 through 50, inclusive, (collectively hereinafter "Defendants"), and alleges as follows:

## GENERAL ALLEGATIONS

1.      Plaintiffs are informed and believe, and thereon allege, that Defendant ANNA JOANNA SZMIT (hereinafter, "SZMIT") is a natural person, and at all times mentioned in this Complaint, was and/or is a citizen of Canada and a resident of the City of Belle River, Ontario, Canada.

2.      Plaintiffs are informed and believe, and thereon allege, that at all times herein mentioned, Defendant, T-PINE LEASING CAPITAL CORPORATION (hereinafter, "T-PINE") was and is now an active Canada corporation with its principal place of business in the city of Mississauga, Ontario, Canada.

3.      Plaintiff KEVIN BOJORQUEZ LUGO (hereinafter "LUGO") is a natural person, and at all times mentioned in this complaint, was and/or is a resident of the County of Kern, State of California.

4.      Plaintiff HUMBERTO PRADO (hereinafter "PRADO") is a natural person, and at all times mentioned in this complaint, was and/or is a resident of the County of Kern, State of California.

5.      Plaintiff CARLOS ESTEVAN GARCIA (hereinafter "GARCIA") is a natural person, and at all times mentioned in this complaint, was and/or is a resident of the County of Kern, State of California.

6.      The true names and capacities of the Defendants, DOES 1 through 50, whether individual, corporate, associate or otherwise, are unknown to Plaintiffs at the time of filing this Complaint and Plaintiffs, therefore, sue said Defendants by such fictitious names and will ask leave of court to amend this Complaint to show their true names or capacities when the same have been ascertained. Plaintiffs are informed and believe, and thereon allege, that each of the DOE Defendants is, in some manner, responsible for the events and happenings herein set forth and proximately caused injury and damages to Plaintiffs as alleged herein.

7.      Prior to the filing of the initial Complaint, a period of less than two (2) calendar years had not yet elapsed after Plaintiffs first learned, or had reasonable opportunity to learn, of the facts that the injuries and damages suffered and complained herein were the result of the acts or omissions to act on the part of the Defendants, and each of them.

8.      At all times mentioned in this complaint, Defendants and DOES 1 through 50 were the owners and/or operators of a 2019 Volvo VNL860 tractor bearing Alberta, Canada license plate number E96580, pulling a trailer bearing Ontario, Canada license plate number P6273K (hereinafter, the "SEMI-SEMI-TRUCK").

9.      At all times mentioned in this complaint, Defendant SZMIT and DOES 1 through 50, used

Defendants' SEMI-TRUCK for *commercial purposes* all while employed, and during the course of her employment, with Defendant T-PINE.

10.    Plaintiff LUGO at all times mentioned in this Complaint, was lawfully operating a 2012 Nissan Murano bearing California license plate number 7BYP832 (hereinafter, the "NISSAN").

11.    Plaintiff PRADO at all times mentioned in this Complaint, was a restrained passenger on the NISSAN.

12.    Plaintiff GARCIA at all times mentioned in this Complaint, was a restrained passenger on the NISSAN.

13.    On November 9, 2018, at approximately 3:34 a.m., LUGO was driving the NISSAN southbound on Interstate 5 Freeway in the number 1 lane, approximately 2,000 feet south of Calgrove Boulevard.  Meanwhile, Defendant SZMIT was operating the SEMI-TRUCK southbound on Interstate 5 Freeway in the number 4 lane, approximately 2,000 feet south of Calgrove Boulevard.  When SZMIT observed a traffic collision ahead of her, she suddenly changed lanes from the number 4 lane toward the number 1 lane.  Due to Defendant SZMIT's unsafe lane change, the left rear of the SEMI-TRUCK collided and scraped the right side of the NISSAN.  The collision pushed the NISSAN to the left, causing the left side of the NISSAN to collide with the concrete center wall.

14.    Plaintiffs are informed and believe and thereon allege that at the time of the subject accident, Defendants, and each of them, were in violation of *Vehicle Code*, Section 21658(a), which states: "A vehicle shall be driven as nearly as practical entirely within a single lane and shall not be moved from the lane until such movement can be made with reasonable safety."

15.    Plaintiffs are informed and believe and thereon allege that at the time of the subject accident, Defendants and each of their violations of California *Vehicle Code*, Section 21658(a) and making an unsafe lane change constituted negligence *per se*, and therefore Plaintiffs are entitled to an evidentiary presumption of negligence arising from the violation of said law(s) and/or statute(s), which were enacted to protect a class of persons of which Plaintiffs are members against the type of harm which Plaintiffs suffered as a result of the incident, and Defendants' violations of said law(s) and/or statute(s), described above.

16.     Plaintiffs are informed and believe and thereon allege that at the time of the subject accident SZMIT was acting within the course and scope of her duties with T-PINE and DOES 1 through 50, inclusive.  At all times relevant to this action, SZMIT was performing the kinds of tasks SZMIT was employed to perform, and such tasks were reasonably foreseeable in light of T-PINE, and DOES 1 through 50, inclusive business, and SZMIT's job duties and responsibilities. Plaintiffs were harmed as a direct and proximate result of Defendants' negligence in performing the aforementioned tasks and duties.

17.     Plaintiffs are informed and believe and thereon allege that at the time of the subject accident SZMIT was acting as the agent/employee of T-PINE, and DOES 1 through 50, inclusive. T-PINE and DOES 1 through 50, inclusive, are liable, through the doctrine of *respondeat superior*, for those injuries sustained by Plaintiffs that were caused by the negligence of Defendants' employee, SZMIT.

## FIRST CAUSE OF ACTION

**(Negligence – Against ANNA JOANNA SZMIT, and DOES 1 through 50, Inclusive)**

18.     Plaintiffs hereby incorporate by reference all of the allegations in Paragraphs 1 through 17 above as though fully set forth herein.

19.     Plaintiffs are informed and believe and thereon allege that at the time of the subject incident, Defendants and each of them, owed Plaintiffs a duty of reasonable care to operate the SEMI-TRUCK with reasonable care and prudence; but that Defendants breached their duty to Plaintiffs by failing to operate the SEMI-TRUCK with the legally required degree of due care (*i.e.* causing the SEMI-TRUCK to collide with Plaintiffs' vehicle), thereby actually, proximately and constituting a substantial factor, in causing severe bodily injury and harm to Plaintiffs, resulting in physical injuries, medical special damages, loss of income and earning capacity, general damages, property damage, and other damages to be proven at trial, in excess of $25,000.

20.     As a further direct and proximate result of the above-described negligence of Defendants, and each of them, Plaintiffs' vehicle was greatly damaged.  The exact amount of such damage is unknown at this time, to be determined at the time of trial.

21.     As a direct and proximate result of the conduct as described herein of Defendants, and each

of them, including, but not limited to, their conduct leading up to, and during, the subject incident, and Defendants' violation of the above referenced law(s) and/or statute(s), Plaintiffs were compelled to and did employ the services of hospitals, physicians, surgeons, nurses and the like to care for and treat Plaintiffs, and did incur hospital, medical, professional and incidental expenses, and Plaintiffs are informed and believe, and thereon allege, that by reason of Plaintiffs' injuries, Plaintiffs will necessarily incur additional like expenses for an indefinite period of time in the future, the exact amount of which expenses will be stated according to proof, pursuant to *Code of Civil Procedure*, Section 425.10.

22.     As a direct and proximate result of the conduct of Defendants, and each of them, including, but not limited to, their conduct leading up to, and during, the subject incident, and Defendants' violation of the above referenced law(s) and/or statute(s), Plaintiffs were grievously and permanently injured and hurt with regard to health, strength and activity, sustaining injuries to Plaintiffs' bodies and shock and injury to Plaintiffs' nervous systems and persons, all of which said injuries have caused and continue to cause Plaintiffs great physical, mental and emotional pain and suffering.  Plaintiffs are informed and believe, and thereon allege, that said injuries will result in permanent and degenerative disabilities to Plaintiffs, all to Plaintiffs' general damages in an amount which will be stated according to proof at the trial in this case.

## SECOND CAUSE OF ACTION

### (Negligent Entrustment – Against Defendant T-PINE LEASING CAPITAL CORPORATION, and DOES 1 through 50, Inclusive)

23.     Plaintiffs hereby incorporate by reference all of the allegations in Paragraphs 1 through 22 above as though fully set forth herein.

24.     Plaintiffs are informed and believe, and thereon allege, that Defendant T-PINE, and DOES 1 through 50, inclusive, entrusted the subject commercial vehicle to Defendant SZMIT, and that SZMIT was driving the subject vehicle for commercial purposes at the time of the subject accident which gave rise to this lawsuit.

25.     Plaintiffs are informed and believe, and thereon allege, that Defendant T-PINE, and DOES 1 through 50, inclusive, actually knew or should have known that Defendant SZMIT was unfit

and/or incompetent to drive a commercial vehicle, and that said unfitness and/or incompetence created an unreasonable risk of harm to others, and did create an unreasonable risk of harm to others when SZMIT crashed into Plaintiffs thereby injuring Plaintiffs.

26.     Plaintiffs are informed and believe, and thereon allege, that Defendant T-PINE, and DOES 1 through 50, inclusive, had the opportunity and ability to control the conduct of Defendant SZMIT but failed to do so, and allowed their "unfit" driver to operate their commercial vehicle that caused the accident which gave rise to the instant lawsuit.

27.     Plaintiffs are informed and believe, and thereon allege, that Defendant T-PINE, and DOES 1 through 50, inclusive, were negligent because they failed to exercise reasonable care to prevent Defendant SZMIT's reckless conduct.

28.     Plaintiffs are further informed and believe, and thereon allege, that the aforementioned negligent entrustment of said commercial vehicle by Defendant T-PINE, and DOES 1 through 50, inclusive, directly and proximately caused, or contributed to causing, the SEMI-TRUCK to collide with Plaintiffs' NISSAN as complained herein.

29.     As a direct, legal and proximate result of the reckless and negligent conduct of Defendant T-PINE and DOES 1 through 50, inclusive, Plaintiffs were compelled to, and did, employ the services of hospitals, physicians, surgeons, nurses, and the like, to care for and treat their injuries, the exact amount of such losses to be stated according to proof, pursuant to California *Code of Civil Procedure* § 425.10.

30.     As a direct, legal and proximate result of the reckless and negligent conduct of Defendant T-PINE and DOES 1 through 50, inclusive, Plaintiffs suffered lost earnings and earning capacity, and property damages, the exact amount of such losses to be stated according to proof, pursuant to California *Code of Civil Procedure* § 425.10.

31.     As a direct, legal and proximate result of the conduct of Defendant T-PINE and DOES 1 through 50, inclusive, Plaintiffs were injured in their health, strength, and activity, sustaining injuries to their body, and shock and injury to their nervous systems and persons, all of which have caused, and continue to cause Plaintiffs great physical, mental, and nervous pain and suffering. Plaintiffs are further informed and believe, and thereon allege, that said injuries will result in

disability to their persons, and general damages in an amount which will be stated according to proof, pursuant to California *Code of Civil Procedure* § 425.10.

## THIRD CAUSE OF ACTION

**(Negligent Hiring, Supervision and Retention – Against Defendant T-PINE LEASING CAPITAL CORPORATION, and DOES 1 through 50, Inclusive)**

32.     Plaintiffs hereby incorporate by reference all of the allegations in Paragraphs 1 through 31 above as though fully set forth herein.

33.     Plaintiffs are informed and believe, and thereon allege, that at all times mentioned herein, Defendant SZMIT was acting within the course and scope of her duties for Defendant, T-PINE, and DOES 1 through 50, inclusive.

34.     Plaintiffs are informed and believe, and thereon allege, that at all times mentioned herein, Defendant T-PINE, and DOES 1 through 50, inclusive, were negligent in the hiring, supervision and retention of Defendant SZMIT in that Defendant T-PINE, and DOES 1 through 50, inclusive, knew or should have known facts which would warn a reasonable person that Defendant SZMIT presented an undue risk of harm to third persons in light of the particular work to be performed.  In particular, Defendant T-PINE, and DOES 1 through 50, inclusive, knew or should have known that Defendant SZMIT was unfit to perform the required tasks during the course and scope of her employment, namely the general safe operation of the subject commercial vehicle, with Defendant T-PINE, and DOES 1 through 50, inclusive.

35.     Plaintiffs are informed and believe, and thereon allege, that at all times mentioned herein, Defendant T-PINE, and DOES 1 through 50, inclusive, were negligent by failing to provide any, or sufficient, training or supervision to Defendant SZMIT after hiring him, and retained Defendant SZMIT to drive a commercial vehicle on public streets, highways, freeways in the County of Kern, State of California.

36.     Plaintiffs are informed and believe, and thereon allege, that at all times mentioned herein, Defendant T-PINE, and DOES 1 through 50, inclusive, owed a duty of care to the public, including Plaintiffs, in the hiring, training, supervision and retention of their agents, employees, servants, and/or independent contractors, which they assigned to operate motor vehicles such as the subject

commercial vehicle.

37.     As a direct, legal and proximate cause of the aforementioned conduct and/or fault by Defendant T-PINE, and DOES 1 through 50, inclusive, Plaintiffs suffered injuries and damages and will continue to sustain damages in an amount to be stated according to proof, pursuant to California *Code of Civil Procedure* § 425.10.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs KEVIN BOJORQUEZ LUGO, HUMBERTO PRADO and CARLOS ESTEVAN GARCIA pray for judgment against all Defendants as follows:

1. General damages, according to proof, and within the jurisdictional limits of this Court, as against all defendants, and each of them;

2. Past, present and/or future loss of earnings, loss of earning capacity, loss of employee benefits, including vacation benefits, and other special damages according to proof, as against all defendants, and each of them;

3. For past, present and/or future hospital, medical, professional and incidental expenses, including property damage, according to proof, as against all defendants, and each of them;

4. For past, present and/or future economic damages, according to proof, as against all defendants, and each of them;

5. For pre-judgment interest at the maximum legal rate;

6. For post-judgment interest at the maximum legal rate; and

7. For any other relief as the Court deems just and proper.

DATED:  September 15, 2020                    **VAZIRI LAW GROUP, A.P.C.**

By:  _____
SIAMAK VAZIRI, ESQ.
DAVID C. SHAY, ESQ.
ALFONSO ORTEGA, ESQ.
Attorneys for Plaintiffs,
KEVIN BOJORQUEZ LUGO, HUMBERTO
PRADO and CARLOS ESTEVAN GARCIA

-8-

**<u>DEMAND FOR JURY TRIAL</u>**

Plaintiffs KEVIN BOJORQUEZ LUGO, HUMBERTO PRADO and CARLOS ESTEVAN GARCIA hereby demand a trial by jury as to all causes of action.


DATED:  September 15, 2020                    **VAZIRI LAW GROUP, A.P.C.**


                                   By:  _____
                                        SIAMAK VAZIRI, ESQ.
                                        DAVID C. SHAY, ESQ.
                                        ALFONSO ORTEGA, ESQ.
                                        Attorneys for Plaintiffs,
                                        KEVIN BOJORQUEZ LUGO, HUMBERTO
                                        PRADO and CARLOS ESTEVAN GARCIA

Electronically Filed by Superior Court of California, County of Los Angeles on 09/15/2020 01:23 PM Sherri R. Carter, Executive Officer/Clerk of Court, by N. Alvarez, Deputy Clerk
Case 2:20-cv-02104-JAK-SK Document 1-2 Filed 02/17/22 Page 11 of 120 Page ID #:32

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
David C. Shay, Esq. (SB# 241702) and Federico Stea, Esq. (SBN# 331293)
VAZIRI LAW GROUP, APC
5757 Wilshire Blvd, Suite 670, Los Angeles, CA 90036

TELEPHONE NO.: (310) 777-7540     FAX NO. (Optional): (310) 777-0373
ATTORNEY FOR (Name): Plaintiffs KEVIN BOJORQUEZ LUGO, HUMBERTO PRADO and CA

FOR COURT USE ONLY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: Same as Above
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central - Stanley Mosk Courthouse

CASE NAME:
LUGO, et al. V. SZMIT, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☒ **Unlimited** (Amount demanded exceeds $25,000) ☐ **Limited** (Amount demanded is $25,000) | ☐ Counter ☐ Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | 20STCV35342 |
| | | JUDGE: |
| | | DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☒ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is ☒ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☒ monetary  b. ☐ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action (specify): Three (3)
5. This case ☐ is ☒ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)
Date: September 15, 2020

Federico Stea, Esq.
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

For your protection and privacy, please press the Clear This Form button after you have printed the form.

[ Print this form ]   [ Save this form ]   [ Clear this form ]

Electronically FILED by Superior Court of California, County of Los Angeles on 09/15/2020 01:12 PM Sherri R. Carter, Executive Officer/Clerk of Court, by N. Alvarez, Deputy Clerk

| SHORT TITLE: LUGO, et al. V. SZMIT et al. | CASE NUMBER 20STCV35342 |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Court Filing Location (Column C) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☑ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage<br>☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11<br>1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons<br>☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11<br>1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall)<br>☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270  Intentional Infliction of Emotional Distress<br>☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11<br>1, 4, 11<br>1, 4, 11<br>1, 4, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4

| SHORT TITLE: LUGO, et al. V. SZMIT et al. | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation        Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

| SHORT TITLE: LUGO, et al. V. SZMIT et al. | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment With Damages | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment With Damages | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE: LUGO, et al. V. SZMIT et al. | CASE NUMBER |
|---|---|

**Step 4:** **Statement of Reason and Address**:  Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected.  Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| **REASON:** ☐ 1. ☐ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☑ 11. | ADDRESS:  Southbound Interstate-5, approximately 2,000 feet south of Calgrove Blvd. |
|---|---|
| CITY: Newhall | STATE: CA | ZIP CODE: 91321 | |

**Step 5:** **Certification of Assignment:** I certify that this case is properly filed in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: ___September 15, 2020___

_(signature)_

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

Electronically FILED by Superior Court of California, County of Los Angeles on 09/15/2020 04:21 PM Sherri R. Carter, Executive Officer/Clerk of Court, by N. Alvarez, Deputy Clerk

# SUMMONS
## *(CITACION JUDICIAL)*

**SUM-100**

| |
|---|
| **FOR COURT USE ONLY**<br>*(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
ANNA JOANNA SZMIT; T-PINE LEASING CAPITAL CORPORATION; and DOES 1 through 50, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

KEVIN BOJORQUEZ LUGO; HUMBERTO PRADO; CARLOS ESTEVAN GARCIA

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Los Angeles County Superior Court, 111 North Hill Street, Los Angeles, CA 90012<br>Stanley Mosk Courthouse | CASE NUMBER: *(Número del Caso):*<br>**20STCV35342** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Alfonso Ortega, Esq. (SBN: 299434), Vaziri Law Group, 5757 Wilshire Blvd, Suite 670, Los Angeles, CA 90036; (310) 777-7540

| | | | |
|---|---|---|---|
| DATE:<br>*(Fecha)*    09/15/2020 | Sherri R. Carter Executive Officer / Clerk of Court<br>Clerk, by *(Secretario)*    N. Alvarez | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)*



[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.

2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:

   under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
           ☐ other *(specify)*:

4. ☐ by personal delivery on *(date)*

**Page 1 of 1**

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courts.ca.gov* |

**For your protection and privacy, please press the Clear This Form button after you have printed the form.**    Print this form    Save this form    Clear this form

# EXHIBIT 2

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>09/15/2020<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ N. Alvarez _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br>**UNLIMITED CIVIL CASE** | |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>20STCV35342 |

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Thomas D. Long | 31 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 09/16/2020
(Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By N. Alvarez , Deputy Clerk

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

LACIV 190 (Rev 6/18)
LASC Approved 05/06

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

EXHIBIT 3

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>09/29/2020<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ M. Barel _____ Deputy |
| PLAINTIFF/PETITIONER:<br>Kevin Bojorquez Lugo  et al | |
| DEFENDANT/RESPONDENT:<br>Anna Joanna Szmit et al | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>20STCV35342 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the PI General Order, Standing Order re PI Procedure and Hearing Dates  upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Federico  Stea
Vaziri Law Group
5757 Wilshire Blvd., # 670
Los Angeles, CA  90036

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: <u>09/29/2020</u>                              By:  <u>M. Barel</u>
                                                                        Deputy Clerk

**CERTIFICATE OF MAILING**

2018-SJ-007-00

**FILED**
Superior Court of California
County of Los Angeles

APR 16 2018

Sherri R. Carter, Executive Officer/Clerk
By_____ Deputy
Stephanie Chung

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| IN RE PERSONAL INJURY COURT ("PI COURT") PROCEDURES, **CENTRAL DISTRICT** (EFFECTIVE APRIL 16, 2018) | ) CASE NO.: 20STCV35342 ) ) STANDING ORDER RE: PERSONAL ) INJURY PROCEDURES, CENTRAL ) DISTRICT ) ) |
| _____ | ) |

---

**DEPARTMENT:**    2 ☐    3 ☐    4 ☐    5 ☐    7 ☐

**FINAL STATUS CONFERENCE ("FSC"):**

- **DATE:** _____03/01/2022_____ AT 10:00 A.M.

**TRIAL:**

- **DATE:** _____03/15/2022_____ AT 8:30 A.M.

**OSC RE DISMISSAL (CODE CIV. PROC., § 583.210):**

- **DATE:** _____09/12/2023_____ AT 8:30 A.M.

---

TO EACH PARTY AND TO THE ATTORNEY OF RECORD FOR EACH PARTY:

**Pursuant to the California Code of Civil Procedure ("C.C.P."), the California Rules of Court ("C.R.C.") and the Los Angeles County Court Rules ("Local Rules"), the Los Angeles Superior Court ("LASC" or "Court") HEREBY AMENDS AND SUPERSEDES THE AUGUST 10, 2017 SEVENTH AMENDED GENERAL ORDER AND, GENERALLY, ORDERS AS FOLLOWS IN THIS AND ALL OTHER GENERAL JURISDICTION PERSONAL INJURY ACTIONS FILED IN THE CENTRAL DISTRICT.**

Page 1 of 8

2018-SJ-007-00

1   1.     To ensure proper assignment to a PI Court, Plaintiff(s) must carefully fill out the Civil

2   Case Cover Sheet Addendum (form LACIV 109). The Court defines "personal injury" as:

3         "an unlimited civil case described on the Civil Case Cover Sheet Addendum and

4         Statement of Location (LACIV 109) as Motor Vehicle-Personal Injury/Property

5         Damage/Wrongful Death; Personal Injury/Property Damage/Wrongful Death-

6         Uninsured Motorist; Product Liability (other than asbestos or

7         toxic/environmental); Medical Malpractice-Physicians & Surgeons; Other

8         Professional Health Care Malpractice; Premises Liability; Intentional Bodily

9         Injury/Property Damage/Wrongful Death; or Other Personal Injury/Property

10        Damage/Wrongful Death. An action for intentional infliction of emotional

11        distress, defamation, civil rights/discrimination, or malpractice (other than

12        medical malpractice), is not included in this definition. An action for injury to

13        real property is not included in this definition." (Local Rule 2.3(a)(1)(A).)

14        Consistent with Local Rule 2.3(a)(1)(A), the Court will assign a case to the PI Courts if

15   plaintiff(s) check any of the following boxes in the Civil Case Cover Sheet Addendum:

16            A7100 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death

17            A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured

18            Motorist

19            A7260 Product Liability (not asbestos or toxic/environmental)

20            A7210 Medical Malpractice – Physicians & Surgeons

21            A7240 Medical Malpractice – Other Professional Health Care Malpractice

22            A7250 Premises Liability (e.g., slip and fall)

23            A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g.,

24            assault, vandalism etc.)

25            A7220 Other Personal Injury/Property Damage/Wrongful Death

26        The Court will not assign cases to the PI Courts if plaintiff(s) check any boxes elsewhere

27   in the Civil Case Cover Sheet Addendum (any boxes on pages two and three of that form).

28   ///

Standing Order Re Personal Injury Procedures, Central District

1        The Court sets the above dates in this action in the PI Court circled above (Department

2  2, 3, 4, 5, or 7) at the Spring Street Courthouse, 312 North Spring Street, Los Angeles, CA 90012.

3  (C.R.C. Rules 3.714(b)(3), 3.729.)

4  **FILING OF DOCUMENTS**

5  2.      Parties may file documents in person at the filing window on the first floor of the Stanley

6  Mosk Courthouse (111 N. Hill Street, Los Angeles, CA 90012) or by U.S. Mail or e-Delivery,

7  which is available online at *www.lacourt.org* (link on homepage). Please note that filings are no

8  longer accepted via facsimile and must be filed either in person, via U.S. mail or via e-Delivery.

9  Claims involving an attorney-client fee dispute, documents in which the filing party is a minor,

10  legally incompetent person, or person for whom a conservator has been appointed, requests to

11  waive court fees (FW-001) and requests for accommodations by persons with disabilities (MC-

12  410), may not be filed via e-Delivery.

13  **SERVICE OF SUMMONS AND COMPLAINT**

14  3.      Plaintiff(s) shall serve the summons and complaint in this action upon defendant(s) as

15  soon as possible but no later than three years from the date when the complaint is filed.

16  (C.C.P. § 583.210, subd.(a).)  On the OSC re Dismissal date noted above, the PI Court will

17  dismiss the action and/or all unserved parties unless the plaintiff(s) show cause why the action

18  or the unserved parties should not be dismissed. (C.C.P. §§ 583.250; 581, subd. (b)(4).)

19  4.      The Court sets the above trial and FSC dates on condition that plaintiff(s) effectuate

20  service on defendant(s) of the summons and complaint within six months of filing the complaint.

21  5.      The PI Court will dismiss the case without prejudice pursuant to C.C.P. § 581 when no

22  party appears for trial.

23  **STIPULATIONS TO CONTINUE TRIAL**

24  6.      Provided that all parties agree (and there is no violation of the "five-year rule," C.C.P.

25  § 583.310), the parties may advance or continue any trial date in the PI Courts without showing

26  good cause or articulating any reason or justification for the change.  To continue or advance a

27  trial date, the parties (or their counsel of record) should jointly execute and submit (at the filing

28  window on the first floor of the Stanley Mosk Courthouse, via U.S. mail or via e-Delivery; fee

Standing Order Re Personal Injury Procedures, Central District

1    required) a Stipulation to Continue Trial, FSC and Related Motion/Discovery Dates (form

2    LACIV CTRL-242, available on the court's website, Personal Injury Court link).  The PI Courts

3    schedule FSCs for 10:00 a.m., eight (8) court days before the trial date.  Parties seeking to

4    continue the trial and FSC dates shall file the Stipulation at least eight court days before the FSC

5    date.  Parties seeking to advance the trial and FSC dates shall file the Stipulation at least eight

6    court days before the proposed advanced FSC date. (C.C.P. § 595.2;  Govt. Code § 70617, subd.

7    (c)(2).)  In selecting a new trial date, parties should avoid setting on any Monday, or the Tuesday

8    following a court holiday.  Parties may submit a maximum of two stipulations to continue trial,

9    for a total continuance of six months. Subsequent requests to continue trial will be granted upon

10   a showing of good cause by noticed motion.  This rule is retroactive so that any previously

11   granted stipulation to continue trial will count toward the maximum number of allowed

12   continuances.

13 **NO CASE MANAGEMENT CONFERENCES**

14 7.    The PI Courts do not conduct Case Management Conferences.  The parties need not file

15 a Case Management Statement.

16 **LAW AND MOTION**

17 8.    Any documents with declarations and/or exhibits must be tabbed.  (C.R.C. Rule

18 3.1110(f).)  All depositions excerpts referenced in briefs must be marked on the transcripts

19 attached as exhibits.  (C.R.C. Rule 3.1116(c).)

20 **CHAMBERS COPIES REQUIRED**

21 9.    In addition to filing original motion papers at the filing window on the first floor of the

22 Stanley Mosk Courthouse, via U.S. mail or via e-Delivery, the parties must deliver, directly to

23 the PI Court courtrooms at the Spring Street Courthouse, an extra copy (marked "Chambers

24 Copy") of reply briefs and all other motion papers filed less than seven (7) court days before a

25 hearing calendared in the PI Courts. The PI Courts also strongly encourage the parties filing and

26 opposing lengthy motions, such as motions for summary judgment/adjudication, to submit one

27 or more three-ring binders organizing the chambers copy behind tabs.

28 ///

**RESERVATION HEARING DATE**

10.     Parties are directed to reserve hearing dates for motions in the PI Courts using the Court Reservation System (CRS) available online at *www.lacourt.org* (link on homepage).   After reserving a motion hearing date, the reservation requestor must submit the papers for filing with the reservation receipt (CRS) number printed on the face page of the document under the caption and attach the reservation receipt as the last page.   Parties or counsel who are unable to utilize the online CRS may reserve a motion hearing date by calling the PI Court courtroom, Monday through Friday, between 3:00 p.m. and 4:00 p.m.

**WITHDRAWAL OF MOTIONS**

11.     California Rules of Court, Rule 3.1304(b) requires a moving party to notify the court immediately if a matter will not be heard on the scheduled date. In keeping with that rule, the PI Courts urge parties who amend pleadings in response to demurrers to file amended pleadings before the date when opposition to the demurrer is due so that the PI Courts do not needlessly prepare tentative rulings on demurrers.

**DISCOVERY MOTIONS**

12.     The purpose of an Informal Discovery Conference ("IDC") is to assist the parties to resolve and/or narrow the scope of discovery disputes.   Lead trial counsel on each side, or another attorney with full authority to make binding agreements, must attend in person.   The PI judges have found that, in nearly every case, the parties amicably resolve disputes with the assistance of the Court.

13.     Parties **must** participate in an IDC **before** a Motion to Compel Further Responses to Discovery will be heard unless the moving party submits evidence, by way of declaration, that the opposing party has failed or refused to participate in an IDC.   Scheduling or participating in an IDC does not automatically extend any deadlines imposed by the Code of Civil Procedure for noticing and filing discovery motions.   Ideally, the parties should participate in an IDC before a motion is filed because the IDC may avoid the necessity of a motion or reduce its scope.   Because of that possibility, attorneys are encouraged to stipulate to extend the 45 (or 60) day deadline for filing a motion to compel further discovery responses in order to allow time to participate in an

1    IDC.

2         If parties do not stipulate to extend the deadlines, the moving party may file the motion

3    to avoid it being deemed untimely.    However, the IDC must take place before the motion is

4    heard so it is suggested that the moving party reserve a date for the motion hearing that is at least

5    60 days after the date when the IDC reservation is made.  Motions to Compel Further Discovery

6    Responses are heard at 10:00 a.m.  If the IDC is not productive, the moving party may advance

7    the hearing on a Motion to Compel Further Discovery Responses on any available hearing date

8    that complies with the notice requirements of the Code of Civil Procedure.

9    14.    Parties are directed to reserve IDC dates in the PI Courts using CRS available online at

10   www.lacourt.org (link on homepage).  Parties are to meet and confer regarding the available

11   dates in CRS prior to accessing the system.  After reserving the IDC date, the reservation

12   requestor must file in the appropriate department and serve an Informal Discovery Conference

13   Form for Personal Injury Courts, from LACIV 239 (revised 12/14 or later), at least 15 court days

14   prior to the conference and attach the CRS reservation receipt as the last page.  The opposing

15   party may file and serve a responsive IDC form, briefly setting forth that party's response, at

16   least 10 court days prior to the IDC.

17   15.    Time permitting, the PI Hub judges may be available to participate in IDCs to try to

18   resolve other types of discovery disputes.

19   **EX PARTE APPLICATIONS**

20   16.    Under the California Rules of Court, courts may only grant *ex parte* relief upon a

21   showing, by admissible evidence, that the moving party will suffer "irreparable harm,"

22   "immediate danger," or where the moving party identifies "a statutory basis for granting relief

23   ex parte." (C.R.C. Rule 3.1202(c).) The PI Courts have no capacity to hear multiple *ex parte*

24   applications or to shorten time to add hearings to their fully booked motion calendars.  The PI

25   Courts do not regard the Court's unavailability for timely motion hearings as an "immediate

26   danger" or threat of "irreparable harm" justifying *ex parte* relief.  Instead of seeking *ex parte*

27   relief, the moving party should reserve the earliest available motion hearing date (even if it is

28   after the scheduled trial date) and should file a motion to continue trial.  Parties should also check

1   the Court Reservation System from time to time because earlier hearing dates may become

2   available as cases settle or hearings are taken off calendar.

3   **REQUEST FOR TRANSFER TO INDEPENDENT CALENDAR DEPARTMENT**

4   17.      Parties seeking to transfer a case from a PI Court to an Independent Calendar ("I/C")

5   Court shall file (at the filing window on the first floor of the Stanley Mosk Courthouse, via U.S.

6   mail or via e-Delivery) and serve the Court's "Motion to Transfer Complicated Personal Injury

7   Case to Independent Calendar Court" (form LACIV 238, available on the Court's website under

8   the PI Courts link).   The PI Courts will transfer a matter to an I/C Court if the case is not a

9   "Personal Injury" case as defined in this Order, or if it is "complicated." In determining whether

10   a personal injury case is "complicated" the PI Courts will consider, among other things, the

11   number of pretrial hearings or the complexity of issues presented.

12   18.      Parties opposing a motion to transfer have five court days to file (at the filing window

13   on the first floor of the Stanley Mosk Courthouse, via U.S. mail or via e-Delivery) an Opposition

14   (using the same LACIV 238 Motion to Transfer form).

15   19.      The PI Courts will not conduct a hearing on any Motion to Transfer to I/C Court.

16   Although the parties may stipulate to transfer a case to an Independent Calendar Department, the

17   PI Courts will make an independent determination whether to transfer the case or not.

18   **FINAL STATUS CONFERENCE**

19   20.      Parties shall comply with the requirements of the PI Courts' "First Amended Standing

20   Order Re Final Status Conference," which shall be served with the summons and complaint.

21   **JURY FEES**

22   21.      Parties must pay jury fees no later than 365 calendar days after the filing of the initial

23   complaint. (C. C. P. § 631, subds. (b) and (c).)

24   **JURY TRIALS**

25   22.      The PI Courts do not conduct jury trials.  On the trial date, a PI Court will contact the

26   Master Calendar Court, Department One, in the Stanley Mosk Courthouse.  Department One

27   will assign cases out for trial to dedicated Civil Trial Courtrooms and designated Criminal

28   Courtrooms.

2018-SJ-007-00

1  **SANCTIONS**

2  23.    The Court has discretion to impose sanctions for any violation of this general order.

3  (C.C.P. §§ 128.7, 187 and Gov. Code, § 68608, subd. (b).)

4

5

6  Dated: *April 16, 2018*

7                                                Debre K. Weintraub
                                                Supervising Judge of Civil Courts
8                                                Los Angeles Superior Court

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2018-SJ-007-00

**FILED**
Superior Court of California
County of Los Angeles

APR 16 2018

Sherri R. Carter, Executive Officer/Clerk
By_____ Deputy
Stephanie Chung

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| IN RE PERSONAL INJURY COURT ("PI COURT")  PROCEDURES, **CENTRAL DISTRICT** (EFFECTIVE APRIL 16, 2018) _____ | ) CASE NO.: 20STCV35342 ) ) STANDING ORDER RE:  PERSONAL ) INJURY PROCEDURES, CENTRAL ) DISTRICT ) ) |

---

**DEPARTMENT:**     2 ☐     3 ☐     4 ☐     5 ☐  7 ☐

**FINAL STATUS CONFERENCE ("FSC"):**

- **DATE:** _____03/01/2022_____ AT 10:00 A.M.

**TRIAL:**

- **DATE:** _____03/15/2022_____ AT 8:30 A.M.

**OSC RE DISMISSAL (CODE CIV. PROC., § 583.210):**

- **DATE:** _____09/12/2023_____ AT 8:30 A.M.

---

TO EACH PARTY AND TO THE ATTORNEY OF RECORD FOR EACH PARTY:

Pursuant to the California Code of Civil Procedure ("C.C.P."), the California Rules of Court ("C.R.C.") and the Los Angeles County Court Rules ("Local Rules"), the Los Angeles Superior Court ("LASC" or "Court") HEREBY AMENDS AND SUPERSEDES THE AUGUST 10, 2017 SEVENTH AMENDED GENERAL ORDER AND, GENERALLY, ORDERS AS FOLLOWS IN THIS AND ALL OTHER GENERAL JURISDICTION PERSONAL INJURY ACTIONS FILED IN THE CENTRAL DISTRICT.

Standing Order Re Personal Injury Procedures, Central District

1.      To ensure proper assignment to a PI Court, Plaintiff(s) must carefully fill out the Civil Case Cover Sheet Addendum (form LACIV 109). The Court defines "personal injury" as:

"an unlimited civil case described on the Civil Case Cover Sheet Addendum and Statement of Location (LACIV 109) as Motor Vehicle-Personal Injury/Property Damage/Wrongful Death; Personal Injury/Property Damage/Wrongful Death-Uninsured Motorist; Product Liability (other than asbestos or toxic/environmental); Medical Malpractice-Physicians & Surgeons; Other Professional Health Care Malpractice; Premises Liability; Intentional Bodily Injury/Property Damage/Wrongful Death; or Other Personal Injury/Property Damage/Wrongful Death. An action for intentional infliction of emotional distress, defamation, civil rights/discrimination, or malpractice (other than medical malpractice), is not included in this definition. An action for injury to real property is not included in this definition." (Local Rule 2.3(a)(1)(A).)

Consistent with Local Rule 2.3(a)(1)(A), the Court will assign a case to the PI Courts if plaintiff(s) check any of the following boxes in the Civil Case Cover Sheet Addendum:

        A7100 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death

        A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist

        A7260 Product Liability (not asbestos or toxic/environmental)

        A7210 Medical Malpractice – Physicians & Surgeons

        A7240 Medical Malpractice – Other Professional Health Care Malpractice

        A7250 Premises Liability (e.g., slip and fall)

        A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism etc.)

        A7220 Other Personal Injury/Property Damage/Wrongful Death

The Court will not assign cases to the PI Courts if plaintiff(s) check any boxes elsewhere in the Civil Case Cover Sheet Addendum (any boxes on pages two and three of that form).

///

2018-SJ-007-00

1    The Court sets the above dates in this action in the PI Court circled above (Department

2    2, 3, 4, 5, or 7) at the Spring Street Courthouse, 312 North Spring Street, Los Angeles, CA 90012.

3    (C.R.C. Rules 3.714(b)(3), 3.729.)

4    **FILING OF DOCUMENTS**

5    2.    Parties may file documents in person at the filing window on the first floor of the Stanley

6    Mosk Courthouse (111 N. Hill Street, Los Angeles, CA 90012) or by U.S. Mail or e-Delivery,

7    which is available online at *www.lacourt.org* (link on homepage). Please note that filings are no

8    longer accepted via facsimile and must be filed either in person, via U.S. mail or via e-Delivery.

9    Claims involving an attorney-client fee dispute, documents in which the filing party is a minor,

10   legally incompetent person, or person for whom a conservator has been appointed, requests to

11   waive court fees (FW-001) and requests for accommodations by persons with disabilities (MC-

12   410), may not be filed via e-Delivery.

13   **SERVICE OF SUMMONS AND COMPLAINT**

14   3.    Plaintiff(s) shall serve the summons and complaint in this action upon defendant(s) as

15   soon as possible but no later than three years from the date when the complaint is filed.

16   (C.C.P. § 583.210, subd.(a.).)   On the OSC re Dismissal date noted above, the PI Court will

17   dismiss the action and/or all unserved parties unless the plaintiff(s) show cause why the action

18   or the unserved parties should not be dismissed. (C.C.P. §§ 583.250; 581, subd. (b)(4).)

19   4.    The Court sets the above trial and FSC dates on condition that plaintiff(s) effectuate

20   service on defendant(s) of the summons and complaint within six months of filing the complaint.

21   5.    The PI Court will dismiss the case without prejudice pursuant to C.C.P. § 581 when no

22   party appears for trial.

23   **STIPULATIONS TO CONTINUE TRIAL**

24   6.    Provided that all parties agree (and there is no violation of the "five-year rule," C.C.P.

25   § 583.310), the parties may advance or continue any trial date in the PI Courts without showing

26   good cause or articulating any reason or justification for the change.   To continue or advance a

27   trial date, the parties (or their counsel of record) should jointly execute and submit (at the filing

28   window on the first floor of the Stanley Mosk Courthouse, via U.S. mail or via e-Delivery; fee

Standing Order Re Personal Injury Procedures, Central District

2018-SJ-007-00

1   required) a Stipulation to Continue Trial, FSC and Related Motion/Discovery Dates (form

2   LACIV CTRL-242, available on the court's website, Personal Injury Court link).  The PI Courts

3   schedule FSCs for 10:00 a.m., eight (8) court days before the trial date.  Parties seeking to

4   continue the trial and FSC dates shall file the Stipulation at least eight court days before the FSC

5   date.   Parties seeking to advance the trial and FSC dates shall file the Stipulation at least eight

6   court days before the proposed advanced FSC date. (C.C.P. § 595.2;  Govt. Code § 70617, subd.

7   (c)(2).) In selecting a new trial date, parties should avoid setting on any Monday, or the Tuesday

8   following a court holiday.  Parties may submit a maximum of two stipulations to continue trial,

9   for a total continuance of six months. Subsequent requests to continue trial will be granted upon

10  a showing of good cause by noticed motion.   This rule is retroactive so that any previously

11  granted stipulation to continue trial will count toward the maximum number of allowed

12  continuances.

13  **NO CASE MANAGEMENT CONFERENCES**

14  7.     The PI Courts do not conduct Case Management Conferences.  The parties need not file

15  a Case Management Statement.

16  **LAW AND MOTION**

17  8.     Any documents with declarations and/or exhibits must be tabbed.   (C.R.C. Rule

18  3.1110(f).)  All depositions excerpts referenced in briefs must be marked on the transcripts

19  attached as exhibits.   (C.R.C. Rule 3.1116(c).)

20  **CHAMBERS COPIES REQUIRED**

21  9.     In addition to filing original motion papers at the filing window on the first floor of the

22  Stanley Mosk Courthouse, via U.S. mail or via e-Delivery, the parties must deliver, directly to

23  the PI Court courtrooms at the Spring Street Courthouse, an extra copy (marked "Chambers

24  Copy") of reply briefs and all other motion papers filed less than seven (7) court days before a

25  hearing calendared in the PI Courts. The PI Courts also strongly encourage the parties filing and

26  opposing lengthy motions, such as motions for summary judgment/adjudication, to submit one

27  or more three-ring binders organizing the chambers copy behind tabs.

28  ///

Standing Order Re Personal Injury Procedures, Central District

2018-SJ-007-00

**RESERVATION HEARING DATE**

10.     Parties are directed to reserve hearing dates for motions in the PI Courts using the Court Reservation System (CRS) available online at *www.lacourt.org* (link on homepage).   After reserving a motion hearing date, the reservation requestor must submit the papers for filing with the reservation receipt (CRS) number printed on the face page of the document under the caption and attach the reservation receipt as the last page.   Parties or counsel who are unable to utilize the online CRS may reserve a motion hearing date by calling the PI Court courtroom, Monday through Friday, between 3:00 p.m. and 4:00 p.m.

**WITHDRAWAL OF MOTIONS**

11.     California Rules of Court, Rule 3.1304(b) requires a moving party to notify the court immediately if a matter will not be heard on the scheduled date. In keeping with that rule, the PI Courts urge parties who amend pleadings in response to demurrers to file amended pleadings before the date when opposition to the demurrer is due so that the PI Courts do not needlessly prepare tentative rulings on demurrers.

**DISCOVERY MOTIONS**

12.     The purpose of an Informal Discovery Conference ("IDC") is to assist the parties to resolve and/or narrow the scope of discovery disputes.   Lead trial counsel on each side, or another attorney with full authority to make binding agreements, must attend in person.   The PI judges have found that, in nearly every case, the parties amicably resolve disputes with the assistance of the Court.

13.     Parties **must** participate in an IDC **before** a Motion to Compel Further Responses to Discovery will be heard unless the moving party submits evidence, by way of declaration, that the opposing party has failed or refused to participate in an IDC.   Scheduling or participating in an IDC does not automatically extend any deadlines imposed by the Code of Civil Procedure for noticing and filing discovery motions.   Ideally, the parties should participate in an IDC before a motion is filed because the IDC may avoid the necessity of a motion or reduce its scope.   Because of that possibility, attorneys are encouraged to stipulate to extend the 45 (or 60) day deadline for filing a motion to compel further discovery responses in order to allow time to participate in an

Standing Order Re Personal Injury Procedures, Central District

1   IDC.

2       If parties do not stipulate to extend the deadlines, the moving party may file the motion

3   to avoid it being deemed untimely.   However, the IDC must take place before the motion is

4   heard so it is suggested that the moving party reserve a date for the motion hearing that is at least

5   60 days after the date when the IDC reservation is made.  Motions to Compel Further Discovery

6   Responses are heard at 10:00 a.m.  If the IDC is not productive, the moving party may advance

7   the hearing on a Motion to Compel Further Discovery Responses on any available hearing date

8   that complies with the notice requirements of the Code of Civil Procedure.

9   14.   Parties are directed to reserve IDC dates in the PI Courts using CRS available online at

10  www.lacourt.org (link on homepage).  Parties are to meet and confer regarding the available

11  dates in CRS prior to accessing the system.  After reserving the IDC date, the reservation

12  requestor must file in the appropriate department and serve an Informal Discovery Conference

13  Form for Personal Injury Courts, from LACIV 239 (revised 12/14 or later), at least 15 court days

14  prior to the conference and attach the CRS reservation receipt as the last page.  The opposing

15  party may file and serve a responsive IDC form, briefly setting forth that party's response, at

16  least 10 court days prior to the IDC.

17  15.   Time permitting, the PI Hub judges may be available to participate in IDCs to try to

18  resolve other types of discovery disputes.

19  **EX PARTE APPLICATIONS**

20  16.   Under the California Rules of Court, courts may only grant *ex parte* relief upon a

21  showing, by admissible evidence, that the moving party will suffer "irreparable harm,"

22  "immediate danger," or where the moving party identifies "a statutory basis for granting relief

23  ex parte." (C.R.C. Rule 3.1202(c).) The PI Courts have no capacity to hear multiple *ex parte*

24  applications or to shorten time to add hearings to their fully booked motion calendars.  The PI

25  Courts do not regard the Court's unavailability for timely motion hearings as an "immediate

26  danger" or threat of "irreparable harm" justifying *ex parte* relief.  Instead of seeking *ex parte*

27  relief, the moving party should reserve the earliest available motion hearing date (even if it is

28  after the scheduled trial date) and should file a motion to continue trial.  Parties should also check

2018-SJ-007-00

1  the Court Reservation System from time to time because earlier hearing dates may become
2  available as cases settle or hearings are taken off calendar.

3  **REQUEST FOR TRANSFER TO INDEPENDENT CALENDAR DEPARTMENT**

4  17.      Parties seeking to transfer a case from a PI Court to an Independent Calendar ("I/C")
5  Court shall file (at the filing window on the first floor of the Stanley Mosk Courthouse, via U.S.
6  mail or via e-Delivery) and serve the Court's "Motion to Transfer Complicated Personal Injury
7  Case to Independent Calendar Court" (form LACIV 238, available on the Court's website under
8  the PI Courts link).   The PI Courts will transfer a matter to an I/C Court if the case is not a
9  "Personal Injury" case as defined in this Order, or if it is "complicated." In determining whether
10 a personal injury case is "complicated" the PI Courts will consider, among other things, the
11 number of pretrial hearings or the complexity of issues presented.

12 18.      Parties opposing a motion to transfer have five court days to file (at the filing window
13 on the first floor of the Stanley Mosk Courthouse, via U.S. mail or via e-Delivery) an Opposition
14 (using the same LACIV 238 Motion to Transfer form).

15 19.      The PI Courts will not conduct a hearing on any Motion to Transfer to I/C Court.
16 Although the parties may stipulate to transfer a case to an Independent Calendar Department, the
17 PI Courts will make an independent determination whether to transfer the case or not.

18 **FINAL STATUS CONFERENCE**

19 20.      Parties shall comply with the requirements of the PI Courts' "First Amended Standing
20 Order Re Final Status Conference," which shall be served with the summons and complaint.

21 **JURY FEES**

22 21.      Parties must pay jury fees no later than 365 calendar days after the filing of the initial
23 complaint. (C. C. P. § 631, subds. (b) and (c).)

24 **JURY TRIALS**

25 22.      The PI Courts do not conduct jury trials.  On the trial date, a PI Court will contact the
26 Master Calendar Court, Department One, in the Stanley Mosk Courthouse.  Department One
27 will assign cases out for trial to dedicated Civil Trial Courtrooms and designated Criminal
28 Courtrooms.

2018-SJ-007-00

1 | **SANCTIONS**

2 | 23.      The Court has discretion to impose sanctions for any violation of this general order.

3 | (C.C.P. §§ 128.7, 187 and Gov. Code, § 68608, subd. (b).)

4

5

6 | Dated: *April 16, 2018*

7 | Debre K. Weintraub
   | Supervising Judge of Civil Courts
8 | Los Angeles Superior Court

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 4

Electronically FILED by Superior Court of California, County of Los Angeles on 10/26/2020 01:45 PM Sherri R. Carter, Executive Officer/Clerk of Court, by W. Moore,Deputy Clerk

Case 2:22-cv-01082-JAK-MAA   Document 1-2   Filed 02/17/22   Page 40 of 120   Page ID #:61

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| Vaziri Law Group, APC<br>5757 Wilshire Blvd. Ste.670  Los Angeles, CA 90036<br><br>TELEPHONE NO. (310) 777-7540 | FAX NO. (313) 777-0373 | E-MAIL ADDRESS *(Optional)*: nlee@vazirilaw.com<br>ATTORNEY FOR *(Name)*  Plaintiff VAZIRI LAW GROUP  A P C | |

| STANLEY MOSK COURTHOUSE |
|---|
| STREET ADDRESS 111 NORTH HILL ST. |
| MAILING ADDRESS |
| CITY AND ZIP CODE LOS ANGELES, CA 90012 |
| BRANCH NAME |

| PLAINTIFF:  Kevin Bojorquez Lugo, et al., | CASE NUMBER: 20STCV35342 Dept: 31 |
|---|---|
| DEFENDANT:  ANNA JOANNA SZMIT,et al | |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.<br>KEVIN BOJORQUEZ LUGO, ET AL., |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☑ Summons
   b. ☑ Complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet  *(served in complex cases only)*
   e. ☐ Cross-complaint
   f. ☑ other *(specify documents):* Addendum,Notice of Case Assignment
3. a. Party served *(specify name of party as shown on documents served):*
   **ANNA JOANNA SZMIT**
      Age: Late 30's Weight: 145 Hair: Black Sex: Male Height: 5'10 Eyes:  Race: East Indian

   b. ☐ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

4. Address where the party was served: **T-PINE LEASING CAPITAL CORPORATION**
   **2546 French Camp Tpke**
   **Stockton, CA 95206-3007**

5. I served the party *(check proper box)*
   a. ☑ **by personal service.**  I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* **9/28/2020**    (2) at *(time):* **12:09 PM**

   b. ☐ **by substituted service.** On *(date):*  at *(time):*  I left the documents listed in item 2 with or
      in the presence of *(name and title or relationship to person indicated in item 3b):*

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him of her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him of her of the general nature of the papers.

      (4) ☑ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on *(date):* **10/1/2020** from *(city):* **Los Angeles**    or ☐ a declaration of mailing is attached.

      (5) ☑ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Form Approved for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10<br>POS010-1/CW356388

| PETITIONER: Kevin Bojorquez Lugo, et al., | CASE NUMBER: |
|---|---|
| RESPONDENT: ANNA JOANNA SZMIT, et al | 20STCV35342 |

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

   (1) on *(date):*                     (2) *from (city):*

   (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.) (Code Civ. Proc., § 415.30.)

   (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

     ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☑ as an individual defendant.
b. ☐ as the person sued under the fictitious name of *(specify):*
c. ☐ as occupant.
d. ☐ On behalf of *(specify):*

   under the following Code of Civil Procedure section:

   ☐ 416.10 (corporation)           ☐ 415.95 (business organization, form unknown)
   ☐ 416.20 (defunct corporation)       ☐ 416.60 (minor)
   ☐ 416.30 (joint stock company/association)  ☐ 416.70 (ward or conservatee)
   ☐ 416.40 (association or partnership)    ☐ 416.90 (authorized person)
   ☐ 416.50 (public entity)           ☐ 415.46 (occupant)
                                   ☐ other:

7. **Person who served papers**
  a. Name: **Richard Barker II - Cal West Attorney Services, Inc**
  b. Address: **1201 W. Temple Street  Los Angeles, CA 90026**
  c. Telephone number: **(213) 353-9100**
  d. **The fee** for service was: **$ 124.15**
  e. I am:

    (1) ☐ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☑ registered California process server:
      (i) ☐ owner    ☐ employee    ☑ independent contractor.
      (ii) Registration No.: **517**
      (iii) County: **San Joaquin**

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

     Date: **10/1/2020**
     **Cal West Attorney Services, Inc**
     **1201 W. Temple Street**
     **Los Angeles, CA 90026**
     **(213) 353-9100**
     **www.calwest.info**

| **Richard Barker II** | ▶ | (SIGNATURE) |
|---|---|---|
| (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL) | | |

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address) | FOR COURT USE ONLY |
|---|---|
| Vaziri Law Group, APC<br>5757 Wilshire Blvd. Ste.670   Los Angeles, CA 90036<br><br>TELEPHONE NO.: (310) 777-7540 | FAX NO. (313) 777-0373 | E-MAIL ADDRESS (Optional): nlee@vazirilaw.com<br>ATTORNEY FOR (Name): Plaintiff, VAZIRI LAW GROUP, A P.C. | |

**STANLEY MOSK COURTHOUSE**

STREET ADDRESS: 111 NORTH HILL ST.

MAILING ADDRESS:

CITY AND ZIP CODE: LOS ANGELES, CA 90012

BRANCH NAME:

| PLAINTIFF/PETITIONER:  Kevin Bojorquez Lugo, et al., | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  ANNA JOANNA SZMIT, et al | 20STCV35342 |

| **DECLARATION OF DILIGENCE** | Ref. No. or File No.:<br>KEVIN BOJORQUEZ LUGO, ET AL., |
|---|---|

I, Richard Barker II , declare: I am a Registered Process Server and was retained to serve process in the above-referenced matter on the following person or entity: ANNA JOANNA SZMIT as follows:
Documents:

    Summons; Complaint; Civil Case Cover Sheet (served in complex cases only); Addendum,Notice of Case Assignment9-23;

I attempted personal service on the following dates and times with the following results:

| Date | Time | Location | Results |
|---|---|---|---|
| 9/24/2020 | 4:45 PM | Business | Business location is closed. No hours are posted. - Richard Barker II<br>2546 French Camp Tpke,  Stockton, CA 952063007 |
| 9/24/2020 | 5:30 PM | Business | Business location is closed. No hours are posted. - Richard Barker II<br>2546 French Camp Tpke,  Stockton, CA 952063007 |
| 9/25/2020 | 8:45 AM | Business | Business location is closed. No hours are posted. - Richard Barker II<br>2546 French Camp Tpke,  Stockton, CA 952063007 |
| 9/28/2020 | 12:09 PM | | Substituted service on: ANNA JOANNA SZMIT; 2546 French Camp<br>Tpke, Stockton, CA 95206-3007; by serving: Dildeep "Doe" -<br>Manager/Accepting Service, East Indian Male Late 30's 145 Black 5'10 . |
| 10/1/2020 | | | Mailed copy of documents to: ANNA JOANNA SZMIT.<br>2546 French Camp Tpke, Stockton, CA 95206-3007 |

Fee for Service: **$ 124.15**
    County:  **San Joaquin**
    Registration No.:  **517**
**Cal West Attorney Services, Inc**
**1201 W. Temple Street**
**Los Angeles, CA 90026**
**(213) 353-9100**

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on October 1, 2020.

Signature: _____

    **Richard Barker II**

**AFFIDAVIT OF REASONABLE DILIGENCE**

Order#: CW356388

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| Vaziri Law Group, APC<br>5757 Wilshire Blvd. Ste.670  Los Angeles, CA 90036<br><br>TELEPHONE NO  (310) 777-7540 | FAX NO  (313) 777-0373 | E-MAIL ADDRESS *(Optional)*: nlee@vazirilaw.com<br>ATTORNEY FOR *(Name)*  Plaintiff VAZIRI LAW GROUP  A P C | |

**STANLEY MOSK COURTHOUSE**
STREET ADDRESS 111 NORTH HILL ST.
MAILING ADDRESS
CITY AND ZIP CODE: LOS ANGELES, CA 90012
BRANCH NAME.

| | |
|---|---|
| PLAINTIFF:  Kevin Bojorquez Lugo, et al., | CASE NUMBER: 20STCV35342 Dept: 31 |
| DEFENDANT:  ANNA JOANNA SZMIT,et al | |

| PROOF OF SERVICE OF SUMMONS | Ref No. or File No<br>KEVIN BOJORQUEZ LUGO, ET AL., |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☑ Summons
   b. ☑ Complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ Cross-complaint
   f. ☑ other *(specify documents):* Addendum,Notice of Case Assignment
3. a.  Party served *(specify name of party as shown on documents served):*
   **ANNA JOANNA SZMIT**
      Age: Late 30's Weight: 145 Hair: Black Sex: Male Height: 5'10 Eyes:  Race: East Indian

   b. ☐  Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

4. Address where the party was served:  **T-PINE LEASING CAPITAL CORPORATION**
   **2546 French Camp Tpke**
   **Stockton, CA 95206-3007**

5. I served the party *(check proper box)*
   a. ☑  **by personal service.**  I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* **9/28/2020**    (2) at *(time):* **12:09 PM**

   b. ☐  **by substituted service.** On *(date):*  at  *(time):*  I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b):*

      (1) ☐  **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served.  I informed him of her of the general nature of the papers.
      (2) ☐  **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party.  I informed him or her of the general nature of the papers.
      (3) ☐  **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box.  I informed him of her of the general nature of the papers.
      (4) ☑  I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on *(date):* **10/1/2020** from *(city):* **Los Angeles**   or ☐ a declaration of mailing is attached.
      (5) ☑  I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| Form Approved for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure  § 417 10<br>**POS010-1/CW356388** |
|---|---|---|

| PETITIONER: Kevin Bojorquez Lugo, et al., | CASE NUMBER: |
|---|---|
| RESPONDENT: ANNA JOANNA SZMIT, et al | 20STCV35342 |

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*                        (2) *from (city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.) (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

  a. ☑ as an individual defendant.

  b. ☐ as the person sued under the fictitious name of *(specify):*

  c. ☐ as occupant.

  d. ☐ On behalf of *(specify):*

    under the following Code of Civil Procedure section:

| | |
|---|---|
| ☐ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. **Person who served papers**

  a. Name: **Richard Barker II - Cal West Attorney Services, Inc**

  b. Address: **1201 W. Temple Street  Los Angeles, CA 90026**

  c. Telephone number: **(213) 353-9100**

  d. **The fee** for service was: **$ 124.15**

  e. I am:

    (1) ☐ not a registered California process server.

    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).

    (3) ☑ registered California process server:

      (i) ☐ owner     ☐ employee     ☑ independent contractor.

      (ii) Registration No.: **517**

      (iii) County: **San Joaquin**

8. ☑ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

  or

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: **10/1/2020**

**Cal West Attorney Services, Inc**
**1201 W. Temple Street**
**Los Angeles, CA 90026**
**(213) 353-9100**
**www.calwest.info**

 

_____
**Richard Barker II**
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

► _____
                      (SIGNATURE)

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address) | FOR COURT USE ONLY |
|---|---|
| Vaziri Law Group, APC<br>5757 Wilshire Blvd. Ste.670   Los Angeles, CA 90036<br><br>TELEPHONE NO.  (310) 777-7540 | FAX NO. (313) 777-0373 | E-MAIL ADDRESS (Optional): nlee@vazirilaw.com<br>ATTORNEY FOR (Name)  Plaintiff. VAZIRI LAW GROUP, A P.C. | |

| | |
|---|---|
| **STANLEY MOSK COURTHOUSE**<br>STREET ADDRESS: 111 NORTH HILL ST.<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: LOS ANGELES, CA 90012<br>BRANCH NAME: | |

| | |
|---|---|
| PLAINTIFF/PETITIONER:  Kevin Bojorquez Lugo, et al.,<br>DEFENDANT/RESPONDENT:  ANNA JOANNA SZMIT, et al | CASE NUMBER:<br>20STCV35342 |

| | |
|---|---|
| **DECLARATION OF DILIGENCE** | Ref. No. or File No.:<br>KEVIN BOJORQUEZ LUGO, ET AL., |

I, Richard Barker II , declare: I am a Registered Process Server and was retained to serve process in the above-referenced matter on the following person or entity: ANNA JOANNA SZMIT as follows:
Documents:

**Summons; Complaint; Civil Case Cover Sheet (served in complex cases only); Addendum, Notice of Case Assignment9-23;**

I attempted personal service on the following dates and times with the following results:

| Date | Time | Location | Results |
|---|---|---|---|
| 9/24/2020 | 4:45 PM | Business | Business location is closed. No hours are posted. - Richard Barker II<br>2546 French Camp Tpke,  Stockton, CA 952063007 |
| 9/24/2020 | 5:30 PM | Business | Business location is closed. No hours are posted. - Richard Barker II<br>2546 French Camp Tpke,  Stockton, CA 952063007 |
| 9/25/2020 | 8:45 AM | Business | Business location is closed. No hours are posted. - Richard Barker II<br>2546 French Camp Tpke,  Stockton, CA 952063007 |
| 9/28/2020 | 12:09 PM | | Substituted service on: ANNA JOANNA SZMIT; 2546 French Camp<br>Tpke, Stockton, CA 95206-3007; by serving: Dildeep "Doe" -<br>Manager/Accepting Service, East Indian Male Late 30's 145 Black 5'10 . |
| 10/1/2020 | | | Mailed copy of documents to: ANNA JOANNA SZMIT.<br>2546 French Camp Tpke, Stockton, CA 95206-3007 |

Fee for Service: **$ 124.15**
County:  **San Joaquin**
Registration No.:  **517**
**Cal West Attorney Services, Inc**
**1201 W. Temple Street**
**Los Angeles, CA 90026**
**(213) 353-9100**

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on October 1, 2020.

Signature: _____
**Richard Barker II**

**AFFIDAVIT OF REASONABLE DILIGENCE**

Order#: CW356388

EXHIBIT 5

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Siamak Vaziri, Esq | SBN: 242447<br>Vaziri Law Group, APC<br>5757 Wilshire Blvd. Ste.670 Los Angeles, CA 90036<br><br>TELEPHONE NO.: (310) 777-7540 | FAX NO. (313) 777-0373 |E-MAIL ADDRESS *(Optional)*: nlee@vazirilaw.com<br>ATTORNEY FOR *(Name)*: Plaintiff: VAZIRI LAW GROUP, A P C | FOR COURT USE ONLY |
|---|---|

**STANLEY MOSK COURTHOUSE**

STREET ADDRESS: 111 NORTH HILL ST.

MAILING ADDRESS:

CITY AND ZIP CODE: LOS ANGELES, CA 90012

BRANCH NAME:

| PLAINTIFF: Kevin Bojorquez Lugo, et al., | CASE NUMBER: 20STCV35342 Dept: 31 |
|---|---|
| DEFENDANT: Anna Joanna Szmit,et al | |

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.<br>KEVIN BOJORQUEZ LUGO, ET AL , |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:

   a. ☑ Summons

   b. ☑ Complaint

   c. ☐ Alternative Dispute Resolution (ADR) package

   d. ☑ Civil Case Cover Sheet *(served in complex cases only)*

   e. ☐ Cross-complaint

   f. ☑ other *(specify documents)*: Addendum,Notice of Case Assignment

3. a. Party served *(specify name of party as shown on documents served)*:

   **T-Pine Leasing Capital Corporation**

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:

   **Dildeep "Doe" - Person Authorized to Accept at the Time of Service**

   **Age: Late 30's Weight: 145 Hair: Black Sex: Male Height: 5'10 Eyes: Race: East Indian**

4. Address where the party was served: **T-PINE LEASING CAPITAL CORPORATION**
   **2546 French Camp Tpke**
   **Stockton, CA 95206-3007**

5. I served the party *(check proper box)*

   a. ☑ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: 9/28/2020 (2) at *(time)*: **12:09 PM**

   b. ☐ **by substituted service.** On *(date)*: at *(time)*: I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b)*:

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on *(date)*: from *(city)*: **or** ☐ a declaration of mailing is attached.

      (5) ☑ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| Form Approved for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417 10<br>POS010-1/CW356387 |
|---|---|---|

| PETITIONER: Kevin Bojorquez Lugo, et al.; | CASE NUMBER: |
| RESPONDENT: Anna Joanna Szmit,et al | 20STCV35342 |

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date)*:                           (2) from *(city)*:

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.) (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section)*:

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

    a. ☐ as an individual defendant.

    b. ☐ as the person sued under the fictitious name of *(specify)*:

    c. ☐ as occupant.

    d. ☑ On behalf of *(specify)*: **T-Pine Leasing Capital Corporation**
        under the following Code of Civil Procedure section:

| | |
|---|---|
| ☑ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. **Person who served papers**
    a. Name: **Richard Barker II - Cal West Attorney Services, Inc**
    b. Address: **1201 W. Temple Street  Los Angeles, CA 90026**
    c. Telephone number: **(213) 353-9100**
    d. The fee for service was: **$ 61.65**
    e. I am:
        (1) ☐ not a registered California process server.
        (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
        (3) ☑ registered California process server:
            (i) ☐ owner    ☐ employee    ☑ independent contractor.
            (ii) Registration No.: **517**
            (iii) County: **San Joaquin**

8. ☑ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
    or

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

        Date: **10/1/2020**

        **Cal West Attorney Services, Inc**
        **1201 W. Temple Street**
        **Los Angeles, CA 90026**
        **(213) 353-9100**
        **www.calwest.info**

| **Richard Barker II** | ▶ | *(SIGNATURE)* |
| (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL) | | |

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*
Siamak Vaziri, Esq. | SBN: 242447
Vaziri Law Group, APC
5757 Wilshire Blvd. Ste.670  Los Angeles, CA 90036

TELEPHONE NO.: (310) 777-7540 | FAX NO. (313) 777-0373 | E-MAIL ADDRESS *(Optional)* nlee@vazirilaw.com
ATTORNEY FOR *(Name)* Plaintiff: VAZIRI LAW GROUP, A P C

FOR COURT USE ONLY

**STANLEY MOSK COURTHOUSE**
STREET ADDRESS: 111 NORTH HILL ST.
MAILING ADDRESS:
CITY AND ZIP CODE: LOS ANGELES, CA 90012
BRANCH NAME:

PLAINTIFF/PETITIONER: Kevin Bojorquez Lugo, et al.,

DEFENDANT/RESPONDENT: Anna Joanna Szmit, et al

CASE NUMBER:
20STCV35342

| DECLARATION OF DILIGENCE | Ref. No. or File No.: KEVIN BOJORQUEZ LUGO, ET AL., |
|---|---|

I, Richard Barker II, declare: I am a Registered Process Server and was retained to serve process in the above-referenced matter on the following person or entity: T-Pine Leasing Capital Corporation as follows:
Documents:
  Summons; Complaint; Civil Case Cover Sheet (served in complex cases only); Addendum,Notice of Case Assignment9-23;

I attempted personal service on the following dates and times with the following results:

| Date | Time | Location | Results |
|---|---|---|---|
| 9/24/2020 | 4:45 PM | Business | Business location is closed. No hours are posted. - Richard Barker II 2546 French Camp Tpke,  Stockton, CA 952063007 |
| 9/24/2020 | 5:30 PM | Business | Business location is closed. No hours are posted. - Richard Barker II 2546 French Camp Tpke,  Stockton, CA 952063007 |
| 9/25/2020 | 8:45 AM | Business | Business location is closed. No hours are posted. - Richard Barker II 2546 French Camp Tpke,  Stockton, CA 952063007 |
| 9/28/2020 | 12:09 PM | | Substituted service on: T-Pine Leasing Capital Corporation; 2546 French Camp Tpke, Stockton, CA 95206-3007; by serving: Dildeep "Doe" - Manager, East Indian Male Late 30's 145 Black 5'10 . |

Fee for Service: **$ 61.65**
  County:  **San Joaquin**
  Registration No.:  **517**
  **Cal West Attorney Services, Inc**
  **1201 W. Temple Street**
  **Los Angeles, CA 90026**
  **(213) 353-9100**

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on October 1, 2020.

Signature: _____
**Richard Barker II**

**AFFIDAVIT OF REASONABLE DILIGENCE**

Order#: CW356387

# EXHIBIT 6

Electronically FILED by Superior Court of California, County of Los Angeles on 11/10/2020 09:34 AM Sherri R. Carter, Executive Officer/Clerk of Court, by A. Williams,Deputy Clerk

**SIAMAK VAZIRI, ESQ.** [SBN 242447]
svaziri@vazirilaw.com
**DAVID C. SHAY, ESQ.** [SBN 241702]
dshay@vazirilaw.com
**ALFONSO ORTEGA, ESQ.** [SBN 299434]
aortega@vazirilaw.com
**VAZIRI LAW GROUP, A.P.C.**
5757 Wilshire Boulevard, Suite 670
Los Angeles, California 90036
Telephone: (310) 777-7540
Facsimile: (310) 777-0373

Attorneys for Plaintiffs, KEVIN BOJORQUEZ LUGO, HUMBERTO PRADO and CARLOS ESTEVAN GARCIA

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| KEVIN BOJORQUEZ LUGO; HUMBERTO PRADO; CARLOS ESTEVAN GARCIA; <br><br>        Plaintiffs, <br><br> vs. <br><br> ANNA JOANNA SZMIT; T-PINE LEASING CAPITAL CORPORATION; and DOES 1 through 50, Inclusive, <br><br>        Defendants. | Case No.: 20STCV35342 <br><br> **PLAINTIFFS' NOTICE OF POSTING JURY FEES** |

TO ALL INTERESTED PARTIES AND TO THEIR ATTORNEY OF RECORD:

PLEASE TAKE NOTICE THAT PLAINTIFFS KEVIN BOJORQUEZ LUGO, HUMBERTO PRADO and CARLOS ESTEVAN GARCIA hereby post jury fees in the above-referenced matter in the amount of $150.00.

DATED: November 9, 2020                    VAZIRI LAW GROUP

                                                      By: ___/s/ Alfonso Ortega___
                                                            Siamak Vaziri
                                                            David C. Shay
                                                            Alfonso Ortega
                                                            Attorney for Plaintiffs
                                                            KEVIN BOJORQUEZ LUGO,
                                                            HUMBERTO PRADO and CARLOS
                                                            ESTEVAN GARCIA

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address 5757 Wilshire Blvd., Suite 670, Los Angeles, CA 90036.

On 11/9/20, I served the foregoing document described as **PLAINTIFFS' NOTICE OF POSTING JURY FEES** on interested parties in this action by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid in the United States mail at Beverly Hills, California, addressed as follows:

_ __ **BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with the Law Office of Siamak Vaziri's practice for collecting and processing correspondence for mailing.  On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

____ **VIA FACSIMILE:** I faxed said documents, to the office(s) of the addressee(s) shown above, and the transmission was reported as complete and without error.

_x___ **BY ELECTRONIC TRANSMISSION:** I transmitted a PDF version of this document by electronic mail to the party(s) identified on the attached service list using the e-mail address(es) indicated.

____ **BY OVERNIGHT DELIVERY:** I deposition such envelope for collection and delivery by Golden State Overnight with delivery fees paid or provided for in accordance with ordinary business practices. I am "readily familiar" with the firm's practice of collection and processing packages for overnight delivery by Golden State Overnight. They are deposited with a facility regularly maintained by Golden State Overnight for receipt on the same day in the ordinary course of business.

_X__ **(State):** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

____ **(Federal):** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on **11/9/2020**, at Los Angeles, California.

___/s/ Maureen Hillel_____
Maureen Hillel

### _KEVIN BOJORQUEZ LUGO, ET AL V. ANNA JOANNA SZMIT, ET AL_

## SERVICE LIST

| | |
|---|---|
| Anna Joanna Szmit<br>T-PINE LEASING CAPITAL CORPORATION<br>2546 French Camp Tpke<br>Stockton, CA 95206-3007 | _Defendant_ |
| T-PINE LEASING CAPITAL CORPORATION<br>2546 French Camp Tpke<br>Stockton, CA 95206-3007 | _Defendant_ |

# EXHIBIT 7

Electronically FILED by Superior Court of California, County of Los Angeles on 11/10/2020 09:34 AM Sherri R. Carter, Executive Officer/Clerk of Court, by A. Williams, Deputy Clerk

Electronically Received 11/10/2020 09:34 AM

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY:<br>Siamak Vaziri, Esq. [SBN 242447]; Alfonso Ortega, Esq. [SBN 299434]<br>Vaziri Law Group, APC.<br>5757 Wilshire Blvd., Suite 670, Los Angeles, CA 90036<br>Tel. (310) 777-7540 Fax. (310) 777-0373<br>Email: dsteam@vazirilaw.com | STATE BAR NUMBER | *Reserved for Clerk's File Stamp* |
|---|---|---|

ATTORNEY FOR (Name): Plaintiffs: Kevin Bojorquez Lugo, Et Al

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
312 N. Spring St., Los Angeles, CA 90012

PLAINTIFF:
Kevin Bojorquez Lugo, Et Al

DEFENDANT:
Anna Joanna Szmit, Et Al

| **AMENDMENT TO COMPLAINT**<br>**(Fictitious /Incorrect Name)** | CASE NUMBER:<br>20STCV35342 |
|---|---|

☑ **FICTITIOUS NAME** *(No order required)*

Upon the filing of the complaint, the plaintiff, being ignorant of the true name of the defendant and having designated the defendant in the complaint by the fictitious name of:

FICTITIOUS NAME

DOE 1

and having discovered the true name of the defendant to be:

TRUE NAME

2197036 ONTARIO INC dba HEFTY FREIGHT

amends the complaint by substituting the true name for the fictitious name wherever it appears in the complaint.

| DATE<br>11/9/2020 | TYPE OR PRINT NAME<br>Alfonso Ortega, Esq. | SIGNATURE OF ATTORNEY<br>*/s/ Alfonso Ortega* |
|---|---|---|

☐ **INCORRECT NAME** *(Order required)*

The plaintiff, having designated a defendant in the complaint by the incorrect name of:

INCORRECT NAME

and having discovered the true name of the defendant to be:

TRUE NAME

amends the complaint by substituting the true name for the incorrect name wherever it appears in the complaint.

| DATE | TYPE OR PRINT NAME | SIGNATURE OF ATTORNEY |
|---|---|---|

## ORDER

THE COURT ORDERS the amendment approved and filed.

_____
Dated

_____
Judicial Officer

LASC LACIV 105 (Rev. 08/18)
For Optional Use

**AMENDMENT TO COMPLAINT**
**(Fictitious / Incorrect Name)**

Code Civ. Proc., §§ 471.5,
472, 473, 474

## **PROOF OF SERVICE**

### **STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Los Angeles, State of California.  My business address is 5757 Wilshire Boulevard, Suite 670, Los Angeles, California 90036.

On **11/9/2020** I served true copies of the following document(s) described as **DOE AMENDMENT 1  -** on the interested parties in this action as follows:

__ __ **BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with the Law Office of Siamak Vaziri's practice for collecting and processing correspondence for mailing.  On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

____ **VIA FACSIMILE:** I faxed said documents, to the office(s) of the addressee(s) shown above, and the transmission was reported as complete and without error.

__x__ **BY ELECTRONIC TRANSMISSION:** I transmitted a PDF version of this document by electronic mail to the party(s) identified on the attached service list using the e-mail address(es) indicated.

____ **BY OVERNIGHT DELIVERY:** I deposition such envelope for collection and delivery by Golden State Overnight with delivery fees paid or provided for in accordance with ordinary business practices. I am "readily familiar" with the firm's practice of collection and processing packages for overnight delivery by Golden State Overnight. They are deposited with a facility regularly maintained by Golden State Overnight for receipt on the same day in the ordinary course of business.

_X__ **(State):** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

____ **(Federal):** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on **11/9/2020**, at Los Angeles, California.


/s/ Maureen Hillel
Maureen Hillel

_**KEVIN BOJORQUEZ LUGO, ET AL V. ANNA JOANNA SZMIT, ET AL**_

**SERVICE LIST**

| | |
|---|---|
| Anna Joanna Szmit<br>T-PINE LEASING CAPITAL<br>CORPORATION<br>2546 French Camp Tpke<br>Stockton, CA 95206-3007 | _Defendant_ |
| T-PINE LEASING CAPITAL<br>CORPORATION<br>2546 French Camp Tpke<br>Stockton, CA 95206-3007 | _Defendant_ |

# EXHIBIT 8

Electronically FILED by Superior Court of California, County of Los Angeles on 11/12/2020 01:46 PM Sherri R. Carter, Executive Officer/Clerk of Court, by J. Tang, Deputy Clerk

Electronically Received 11/12/2020 01:46 PM

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | *Reserved for Clerk's File Stamp* |
|---|---|---|
| Siamak Vaziri, Esq. [SBN 242447]; Alfonso Ortega, Esq. [SBN 299434] Vaziri Law Group, APC. 5757 Wilshire Blvd., Suite 670, Los Angeles, CA 90036 Tel. (310) 777-7540 Fax. (310) 777-0373 Email: dsteam@vazirilaw.com | | |

ATTORNEY FOR (Name): Plaintiffs: Kevin Bojorquez Lugo, Et Al

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:
312 N. Spring St., Los Angeles, CA 90012

PLAINTIFF:
Kevin Bojorquez Lugo, Et Al

DEFENDANT:
Anna Joanna Szmit, Et Al

| **AMENDMENT TO COMPLAINT** (Fictitious /Incorrect Name) | CASE NUMBER: 20STCV35342 |
|---|---|

☑ **FICTITIOUS NAME** *(No order required)*

Upon the filing of the complaint, the plaintiff, being ignorant of the true name of the defendant and having designated the defendant in the complaint by the fictitious name of:

FICTITIOUS NAME

DOE 2

and having discovered the true name of the defendant to be:

TRUE NAME

2611336 Ontario, Inc.

amends the complaint by substituting the true name for the fictitious name wherever it appears in the complaint.

| DATE | TYPE OR PRINT NAME | SIGNATURE OF ATTORNEY |
|---|---|---|
| 11/12/2020 | Alfonso Ortega, Esq. | */s/ Alfonso Ortega* |

☐ **INCORRECT NAME** *(Order required)*

The plaintiff, having designated a defendant in the complaint by the incorrect name of:

INCORRECT NAME

and having discovered the true name of the defendant to be:

TRUE NAME

amends the complaint by substituting the true name for the incorrect name wherever it appears in the complaint.

| DATE | TYPE OR PRINT NAME | SIGNATURE OF ATTORNEY |
|---|---|---|
| | | |

## ORDER

THE COURT ORDERS the amendment approved and filed.

_____
Dated

_____
Judicial Officer

**AMENDMENT TO COMPLAINT**
(Fictitious / Incorrect Name)

Code Civ. Proc., §§ 471.5,
472, 473, 474

## **PROOF OF SERVICE**

### **STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Los Angeles, State of California.  My business address is 5757 Wilshire Boulevard, Suite 670, Los Angeles, California 90036.

On **11/12/2020** I served true copies of the following document(s) described as **DOE AMENDMENT 2 -** on the interested parties in this action as follows:

__ __ **BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with the Law Office of Siamak Vaziri's practice for collecting and processing correspondence for mailing.  On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

____ **VIA FACSIMILE:** I faxed said documents, to the office(s) of the addressee(s) shown above, and the transmission was reported as complete and without error.

__x__ **BY ELECTRONIC TRANSMISSION:** I transmitted a PDF version of this document by electronic mail to the party(s) identified on the attached service list using the e-mail address(es) indicated.

____ **BY OVERNIGHT DELIVERY:** I deposition such envelope for collection and delivery by Golden State Overnight with delivery fees paid or provided for in accordance with ordinary business practices. I am "readily familiar" with the firm's practice of collection and processing packages for overnight delivery by Golden State Overnight. They are deposited with a facility regularly maintained by Golden State Overnight for receipt on the same day in the ordinary course of business.

_X__ **(State):** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

____ **(Federal):** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on **11/12/2020**, at Los Angeles, California.


/s/ Maureen Hillel
Maureen Hillel

# _KEVIN BOJORQUEZ LUGO, ET AL V. ANNA JOANNA SZMIT, ET AL_

## SERVICE LIST

| | |
|---|---|
| Anna Joanna Szmit<br>T-PINE LEASING CAPITAL<br>CORPORATION<br>2546 French Camp Tpke<br>Stockton, CA 95206-3007 | _Defendant_ |
| T-PINE LEASING CAPITAL<br>CORPORATION<br>2546 French Camp Tpke<br>Stockton, CA 95206-3007 | _Defendant_ |

# EXHIBIT 9

Electronically FILED by Superior Court of California, County of Los Angeles on 07/26/2021 03:10 PM Sherri R. Carter, Executive Officer/Clerk of Court, by J. Tang, Deputy Clerk

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| Siamak Vaziri, Esq. [SBN 242447]; David C. Shay, Esq. [SBN 241702]<br>Vaziri Law Group, APC., 5757 Wilshire Blvd., Suite 670,<br>Los Angeles, CA 90036<br>Tel. (310) 777-7540 Fax. (310) 777-0373<br>Email: dsteam@vazirilaw.com | | |

ATTORNEY FOR (Name): Plaintiffs, Kevin Bojorquez Lugo, et al

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:
312 N. Spring St., Los Angeles, CA 90012

PLAINTIFF:
Kevin Bojorquez Lugo, et al

DEFENDANT:
Anna Joanna Szmit, et al

| AMENDMENT TO COMPLAINT<br>(Fictitious /Incorrect Name) | CASE NUMBER:<br>20STCV35342 |
|---|---|

☑ **FICTITIOUS NAME** *(No order required)*

Upon the filing of the complaint, the plaintiff, being ignorant of the true name of the defendant and having designated the defendant in the complaint by the fictitious name of:

FICTITIOUS NAME

DOE 3

and having discovered the true name of the defendant to be:

TRUE NAME

1706718 Alberta Ltd.

amends the complaint by substituting the true name for the fictitious name wherever it appears in the complaint.

| DATE | TYPE OR PRINT NAME | SIGNATURE OF ATTORNEY |
|---|---|---|
| 7/26/2021 | David C. Shay, Esq. | |

☐ **INCORRECT NAME** *(Order required)*

The plaintiff, having designated a defendant in the complaint by the incorrect name of:

INCORRECT NAME

and having discovered the true name of the defendant to be:

TRUE NAME

amends the complaint by substituting the true name for the incorrect name wherever it appears in the complaint.

| DATE | TYPE OR PRINT NAME | SIGNATURE OF ATTORNEY |
|---|---|---|
| | | |

**ORDER**

THE COURT ORDERS the amendment approved and filed.

_____
Dated

_____
Judicial Officer

LASC LACIV 105 (Rev. 08/18)
For Optional Use

**AMENDMENT TO COMPLAINT**
**(Fictitious / Incorrect Name)**

Code Civ. Proc., §§ 471.5,
472, 473, 474

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 5757 Wilshire Boulevard, Suite 670, Los Angeles, California 90036.

On **7/26/2021** I served true copies of the following document(s) described as **DOE AMENDMENT 3 -** on the interested parties in this action as follows:

___ __ **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the Law Office of Siamak Vaziri's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

_____ **VIA FACSIMILE:** I faxed said documents, to the office(s) of the addressee(s) shown above, and the transmission was reported as complete and without error.

__x__ **BY ELECTRONIC TRANSMISSION:** I transmitted a PDF version of this document by electronic mail to the party(s) identified on the attached service list using the e-mail address(es) indicated.

_____ **BY OVERNIGHT DELIVERY:** I deposition such envelope for collection and delivery by Golden State Overnight with delivery fees paid or provided for in accordance with ordinary business practices. I am "readily familiar" with the firm's practice of collection and processing packages for overnight delivery by Golden State Overnight. They are deposited with a facility regularly maintained by Golden State Overnight for receipt on the same day in the ordinary course of business.

_X__ **(State):** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_____ **(Federal):** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on **7/26/2021**, at Los Angeles, California.

/s/ Maureen Hillel
Maureen Hillel

## *KEVIN BOJORQUEZ LUGO, ET AL V. ANNA JOANNA SZMIT, ET AL*

### SERVICE LIST

| | |
|---|---|
| Christopher D. Nissen, Esq.<br>Ashley Rose, Esq.<br>Wilson Elser Moskowitz Edelman & Dicker LLP<br>555 S. Flower Street - Suite 2900<br>Los Angeles, CA 90071-2407<br>310.902.7833 (Cel)<br>213.330.8860 (Direct)<br>702.727.1400 (Main)<br>213.443.5101 (Fax)<br>christopher.nissen@wilsonelser.com<br>ashley.rose@wilsonelser.com | *Attorneys for Defendants* T-PINE LEASING CAPITAL CORPORATION AND ANNA JOANNA SZMIT |

EXHIBIT 10

Electronically FILED by Superior Court of California, County of Los Angeles on 09/15/2021 04:08 PM Sherri R. Carter, Executive Officer/Clerk of Court, by D Jackson,Deputy Clerk

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address)*:<br>Siamak Vaziri, Esq. \| SBN: 242447<br>Vaziri Law Group, APC<br>5757 Wilshire Blvd. Ste.670  Los Angeles, CA 90036<br><br>TELEPHONE NO.: (310) 777-7540 \| FAX NO. (313) 777-0373 \| E-MAIL ADDRESS *(Optional)*: nlee@vazirilaw.com<br>ATTORNEY FOR *(Name)*: Plaintiff: Vaziri Law Group, APC | *FOR COURT USE ONLY* |

**LOS ANGELES COUNTY SUPERIOR COURT**
STREET ADDRESS: 111 NORTH HILL ST.
MAILING ADDRESS:
CITY AND ZIP CODE: LOS ANGELES, CA 90012
BRANCH NAME: CENTRAL DISTRICT

| | |
|---|---|
| PLAINTIFF:  KEVIN BOJORQUEZ LUGO, et al. | CASE NUMBER: 20STCV35342 |
| DEFENDANT:  ANNA JOANNA SZMIT, et al. | Dept: 31 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>Kevin Bojorquez Lugo |

*(Separate proof of service is required for each party served.)*

**BY FAX**

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☑ Summons
   b. ☑ Complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet  *(served in complex cases only)*
   e. ☐ Cross-complaint
   f. ☑ other *(specify documents)*: **Addendum,Notice of Case Assignment;Amendment to Complaint8-10**

3. a. Party served *(specify name of party as shown on documents served)*:
   **1706718 Alberta Ltd.,sued herein as Doe 3**

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:

4. Address where the party was served:  **176 Templehill Drive, N.E.**
   **Calgary, 14211**

5. I served the party *(check proper box)*
   a. ☐ **by personal service.**  I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*:     (2) at *(time)*:

   b. ☑ **by substituted service.** On *(date)*: 8/31/2021  at  *(time)*: 1:05 PM I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b)*:
   **"Jane Doe" - Occupant/Refused Name- 30's, 5'8, C, Brown hair, F, 130lbs,Brwn Eyes**

   (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served.  I informed him or her of the general nature of the papers.

   (2) ☑ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party.  I informed him or her of the general nature of the papers.

   (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box.  I informed him or her of the general nature of the papers.

   (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on
   *(date)*:  from *(city)*:                                or ☑ a declaration of mailing is attached.

   (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| | | |
|---|---|---|
| Form Approved for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10<br>**POS010-1/CW400410** |

| PETITIONER: **KEVIN BOJORQUEZ LUGO, et al.** | CASE NUMBER: |
| RESPONDENT: **ANNA JOANNA SZMIT, et al.** | **20STCV35342** |

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

(1) on *(date):*                                (2) from  *(city):*

(3) ☐ with two copies of the  *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgment of Receipt.) (Code Civ. Proc., § 415.30.)

(4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

☐   Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐  as an individual defendant.

b. ☐  as the person sued under the fictitious name of  *(specify):*

c. ☐  as occupant.

d. ☑  On behalf of  *(specify):*  **1706718 Alberta Ltd.,sued herein as Doe 3**
under the following Code of Civil Procedure section:

| | |
|---|---|
| ☐  416.10 (corporation) | ☑  415.95 (business organization, form unknown) |
| ☐  416.20 (defunct corporation) | ☐  416.60 (minor) |
| ☐  416.30 (joint stock company/association) | ☐  416.70 (ward or conservatee) |
| ☐  416.40 (association or partnership) | ☐  416.90 (authorized person) |
| ☐  416.50 (public entity) | ☐  415.46 (occupant) |
| | ☐  other: |

7. **Person who served papers**

a. Name:  **Larry Robson - Cal West Attorney Services, Inc**

b. Address:  **1201 W. Temple Street  Los Angeles, CA 90026**

c. Telephone number:  **(213) 353-9100**

d. **The fee** for service was: **$ 189.15**

e. I am:

(1) ☑  not a registered California process server.

(2) ☐  exempt from registration under Business and Professions Code section 22350(b).

(3) ☐  registered California process server:

(i) ☐ owner    ☐ employee    ☐ independent contractor.

(ii) Registration No.:

(iii) County:

8. ☑  **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

or

9. ☐  **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: **9/15/2021**

**Cal West Attorney Services, Inc**
**1201 W. Temple Street**
**Los Angeles, CA 90026**
**(213) 353-9100**
**www.calwest.info**

| **Larry Robson** | ▶ | *(SIGNATURE)* |
| (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL) | | |

| Attorney or Party without Attorney:<br>Siamak Vaziri, Esq., SBN: 242447<br>Vaziri Law Group, APC<br>5757 Wilshire Blvd. Ste.670<br>Los Angeles, CA 90036<br>TELEPHONE No.: (310) 777-7540   FAX No. (Optional): (313) 777-0373   E-MAIL ADDRESS (Optional): nlee@vazirilaw.com | FOR COURT USE ONLY |
|---|---|

Attorney for: Plaintiff Vaziri Law Group, APC

Ref No. or File No.:
Kevin Bojorquez Lugo

Insert name of Court, and Judicial District and Branch Court:
**LOS ANGELES COUNTY SUPERIOR COURT - CENTRAL DISTRICT**

Plaintiff: KEVIN BOJORQUEZ LUGO, et al.

Defendant: ANNA JOANNA SZMIT, et al.

| **PROOF OF SERVICE BY MAIL** | HEARING DATE: | TIME: | DEPT.:<br>31 | CASE NUMBER:<br>20STCV35342 |
|---|---|---|---|---|

1. I am over the age of 18 and not a party to this action.  I am employed in the county where the mailing occured.

2. I served copies of the Summons; Complaint; Civil Case Cover Sheet (served in complex cases only); Addendum,Notice of Case Assignment;Amendment to Complaint8-10;

3. By placing a true copy thereof enclosed in a sealed envelope, with First Class postage thereon fully prepaid, in the United States Mail at Los Angeles, California, addressed as  follows:

    a. Date of Mailing:         9/3/2021

    b. Place of Mailing:       Los Angeles, CA

    c. Addressed as follows:    1706718 Alberta Ltd.,sued herein as Doe 3
                                   176 Templehill Drive, N.E.
                                   Calgary,

I am readily familiar with the firm's practice for collection and processing of documents for mailing.  Under that practice, it would be  deposited within the United States Postal Service, on that same day, with postage thereon fully prepaid at Los Angeles, California in the ordinary course of  business.

Fee for Service: **$ 189.15**
   ★   **Cal West Attorney Services, Inc**
       1201 W. Temple Street
       Los Angeles, CA 90026
       (213) 353-9100
       Ref: Kevin Bojorquez Lugo

I declare under penalty of perjury under the laws of The State of California that the foregoing information contained in the return of service and statement of service fees is true and correct and that this declaration was executed on **9/15/2021**.

Signature: _Alicia Alcantara_

**Alicia Alcantara**

**PROOF OF SERVICE BY MAIL**

Order#: CW400410/mailproof

EXHIBIT 11

Electronically FILED by Superior Court of California, County of Los Angeles on 01/06/2022 11:22 AM Sherri R. Carter, Executive Officer/Clerk of Court, by Tina Tran, Deputy Clerk

Case 2:22-cv-01082-JAK-MAA  Document 1-2  Filed 02/17/22  Page 71 of 120  Page ID #:92

**POS-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| **Siamak Vaziri, Esq | SBN: 242447**<br>**Vaziri Law Group**<br>**5757 Wilshire Blvd., Suite 670  Los Angeles, CA 90036**<br><br>TELEPHONE NO: **(310) 777-7540 | FAX NO. (310) 777-0373**<br>E-MAIL ADDRESS: **svaziri@vazirilaw.com**<br>ATTORNEY FOR: **Plaintiff: Kevin Bojorquez Lugo, et al.** | |

**STANLEY MOSK SUPERIOR COURTHOUSE**
    STREET ADDRESS: **111 North Hill Street**
    MAILING ADDRESS: **same**
    CITY AND ZIP CODE: **Los Angeles, CA 90012**
    BRANCH NAME: **Stanley Mosk Courthouse**

| PLAINTIFF: Kevin Bojorquez Lugo, et al.<br><br>DEFENDANT: Anna Joanna Szmit, et al. | CASE NUMBER:<br>**20STCV35342** |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:

    a. ☑ Summons
    b. ☑ Complaint
    c. ☐ Alternative Dispute Resolution (ADR) package
    d. ☑ Civil Case Cover Sheet  *(served in complex cases only)*
    e. ☐ Cross-complaint
    f. ☑ other *(specify documents):* **Amendment to Complaint-DOE 1 2197036 Ontario Inc dba Hefty Freight;Amendment to Complaint-DOE 22611336 Ontario, Inc.;Civil Case Cover Sheet Addendum and Statement of Location; Notice of Case Assignment**

3. a. Party served *(specify name of party as shown on documents served):*
    **DOE 2- 2611336 Ontario, Inc.**

    b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
    **Meharwan Gill - Dispatcher, authorized to accept documents**
    **Age: 35 Race: Middle Eastern Sex: Male**
    **Weight: 180 lbs Hair: Black  Height: 5'10" Eyes:**

4. Address where the party was served: **35 Upper Canada Court**
                                         **Gerogetown, ON L7G0L1,**

5. I served the party
    a. ☑ by personal service.  I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 1/17/2022    (2) at *(time):* 6:26 PM

    b. ☐ by substituted service. On *(date):*  at *(time):*  I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b):*

        (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

        (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

        (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

        (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on *(date):*  from *(city):*                  or ☐ a declaration of mailing is attached.

        (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10
**POS010-1/PS295134**

| PETITIONER: Kevin Bojorquez Lugo, et al. | CASE NUMBER: |
|---|---|
| RESPONDENT: Anna Joanna Szmit, et al. | 20STCV35342 |

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*                *(2) from (city):*

    (3)☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.) (Code Civ. Proc., § 415.30.)

    (4)☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.
b. ☐ as the person sued under the fictitious name of *(specify):*
c. ☐ as occupant.
d. ☑ On behalf of: **DOE 1- 2197036 Ontario Inc dba Heft Freight**
    under the following Code of Civil Procedure section:

           ☐ 416.10 (corporation)             ☑ 415.95 (business organization, form unknown)
           ☐ 416.20 (defunct corporation)        ☐ 416.60 (minor)
           ☐ 416.30 (joint stock company/association)  ☐ 416.70 (ward or conservatee)
           ☐ 416.40 (association or partnership)    ☐ 416.90 (authorized person)
           ☐ 416.50 (public entity)             ☐ 415 46 (occupant)
                                          ☐ other:

7. **Person who served papers**
a. Name: **Michael Carr - USA Express Legal & Investigative Services, Inc.**
b. Address: **21031 Ventura Blvd., Suite 920  Woodland Hills, CA 91364**
c. Telephone number: **(877) 872-3977**
d. The fee for service was: **$ 258.40**
e. I am:

    (1) ☑ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☐ registered California process server:
        (i) ☐ owner    ☐ employee    ☐ independent contractor.
        (ii) Registration No.:
        (iii) County:

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: **1/18/2022**

*USA* **USA Express Legal & Investigative Services, Inc.**
**21031 Ventura Blvd., Suite 920**
**Woodland Hills, CA 91364**
**(877) 872-3977**
**www.usaexpressinc.com**

        **Michael Carr**                ▶
    (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)        (SIGNATURE)

EXHIBIT 12

**POS-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*<br>**Slamak Vaziri, Esq | SBN: 242447**<br>**Vaziri Law Group**<br>**5757 Wilshire Blvd., Suite 670  Los Angeles, CA 90036**<br><br>TELEPHONE NO.: **(310) 777-7540 | FAX NO. (310) 777-0373**<br>E-MAIL ADDRESS **svaziri@vazirilaw.com**<br>ATTORNEY FOR: **Plaintiff: Kevin Bojorquez Lugo, et al.** | FOR COURT USE ONLY |
| **STANLEY MOSK SUPERIOR COURTHOUSE**<br>STREET ADDRESS: **111 North Hill Street**<br>MAILING ADDRESS: **same**<br>CITY AND ZIP CODE: **Los Angeles, CA 90012**<br>BRANCH NAME: **Stanley Mosk Courthouse** | |

| | |
|---|---|
| PLAINTIFF: **Kevin Bojorquez Lugo, et al.** | CASE NUMBER:<br>**20STCV35342** |
| DEFENDANT: **Anna Joanna Szmit, et al.** | |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:

   a. ☑ Summons

   b. ☑ Complaint

   c. ☐ Alternative Dispute Resolution (ADR) package

   d. ☑ Civil Case Cover Sheet *(served in complex cases only)*

   e. ☐ Cross-complaint

   f. ☑ other *(specify documents):* **Amendment to Complaint-DOE 1 2197036 Ontario Inc dba Hefty Freight;Amendment to Complaint-DOE 22811336 Ontario, Inc.;Civil Case Cover Sheet Addendum and Statement of Location; Notice of Case Assignment**

3. a. Party served *(specify name of party as shown on documents served):*
   **DOE 1- 2197036 Ontario Inc dba Heft Freight**

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   **Meharwan Gill - Dispatcher, authorized to accept documents**
   **Age: 35 Race: Middle Eastern Sex: Male**
   **Weight: 180 lbs Hair: Black Height: 5'10" Eyes:**

4. Address where the party was served: **35 Upper Canada Court**
   **Gerogetown, ON L7G0L1,**

5. I served the party

   a. ☑ by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 1/17/2022 (2) at *(time):* 5:26 PM

   b. ☐ by substituted service. On *(date):* at *(time):* I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b):*

      (1) ☐ (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him of her of the general nature of the papers.

      (2) ☐ (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ (physical address unknown) a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him of her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on *(date):* from *(city):* or ☐ a declaration of mailing is attached.

      (5) ☐ I attach a declaration of diligence stating actions taken first to attempt personal service.

---

Form Approved for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Page 1 of 2<br>Code of Civil Procedure, § 417.10<br>POS010-1/PS294994

| | CASE NUMBER: |
|---|---|
| PETITIONER: Kevin Bojorquez Lugo, et al. | **20STCV35342** |
| RESPONDENT: Anna Joanna Szmit, et al. | |

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*               *(2) from (city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.) (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.
b. ☐ as the person sued under the fictitious name of *(specify):*
c. ☐ as occupant.
d. ☑ On behalf of: **DOE 1- 2197036 Ontario Inc dba Heft Freight**
    under the following Code of Civil Procedure section:

    ☐ 416.10 (corporation)                 ☑ 415.95 (business organization, form unknown)
    ☐ 416.20 (defunct corporation)          ☐ 416.60 (minor)
    ☐ 416.30 (joint stock company/association)   ☐ 416.70 (ward or conservatee)
    ☐ 416.40 (association or partnership)     ☐ 416.90 (authorized person)
    ☐ 416.50 (public entity)                ☐ 415.46 (occupant)
                                    ☐ other:

7. **Person who served papers**
a. Name: **Michael Carr - USA Express Legal & Investigative Services, Inc.**
b. Address: **21031 Ventura Blvd., Suite 920  Woodland Hills, CA 91364**
c. Telephone number: **(877) 872-3977**
d. The fee for service was: **$ 451.40**
e. I am:

    (1) ☑ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☐ registered California process server:
        (i) ☐ owner      ☐ employee    ☐ independent contractor.
        (ii) Registration No.:
        (iii) County:

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: **1/18/2022**

**USA Express Legal & Investigative Services, Inc.**
**21031 Ventura Blvd., Suite 920**
**Woodland Hills, CA 91364**
**(877) 872-3977**
**www.usaexpressinc.com**

_____
**Michael Carr**
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)    ▶             (SIGNATURE)

**PROOF OF SERVICE OF SUMMONS**

EXHIBIT 13

Electronically FILED by Superior Court of California, County of Los Angeles on 01/28/2022 03:28 PM Sherri R. Carter, Executive Officer/Clerk of Court, by A. Khleif, Deputy Clerk

Case 2:22-cv-01082-JAK-MAA Document 1-2 Filed 02/17/22 Page 77 of 120 Page ID #:98

**POS-010**

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>Siamak Vaziri, Esq. [SBN 242447]; David C. Shay, Esq. [SBN 241702];<br>Mark J. Nagle, Esq. [SBN 248873]<br>Vaziri Law Group, APC.<br>5757 Wilshire Blvd., Suite 670, Los Angeles, CA 90036<br>TELEPHONE NO.: 310-777-7540    FAX NO. *(Optional):* 310-777-0373<br>E–MAIL ADDRESS *(Optional):* dsteam@vazirilaw.com<br>ATTORNEY FOR *(Name):* Kevin Bojorquez Lugo, et al | *FOR COURT USE ONLY* |

| |
|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles<br>STREET ADDRESS: 312 N. Spring St.<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Los Angeles, CA 90012<br>BRANCH NAME: Spring Street Courthouse |

| | |
|---|---|
| PLAINTIFF/PETITIONER: Kevin Bojorquez Lugo, et al<br><br>DEFENDANT/RESPONDENT: Anna Joanna Szmit, et al | CASE NUMBER:<br>20STCV35342 |

| | |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:

   a. ☑ summons

   b. ☑ complaint

   c. ☐ Alternative Dispute Resolution (ADR) package

   d. ☑ Civil Case Cover Sheet *(served in complex cases only)*

   e. ☐ cross-complaint

   f. ☑ other *(specify documents):* Conformed DOE Amendment 3, 1706718 Alberta Ltd.

3. a. Party served *(specify name of party as shown on documents served):*

   1706718 Alberta Ltd.

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

   Katherine A. Stewart on behalf of Defendant 1706718 Alberta Ltd.

4. Address where the party was served:

5. I served the party *(check proper box)*

   a. ☐ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):*      (2) at *(time):*

   b. ☐ **by substituted service.** On *(date):*    at *(time):*    I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

   (1) ☑ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

   (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

   (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

   (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*    from *(city):*    **or** ☐ a declaration of mailing is attached.

   (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 |

| PLAINTIFF/PETITIONER: Kevin Bojorquez Lugo, et al | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Anna Joanna Szmit, et al | 20STCV35342 |

5.  c.  ☑  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):* 1/26/2022       (2) from *(city):* Los Angeles, CA

    (3) ☑ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d.  ☑  **by other means** *(specify means of service and authorizing code section):*
    Electronic Service (e-mail)

    ☐ Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
  a.  ☑  as an individual defendant.
  b.  ☐  as the person sued under the fictitious name of *(specify):*
  c.  ☐  as occupant.
  d.  ☐  On behalf of *(specify):*
    under the following Code of Civil Procedure section:

| | |
|---|---|
| ☐ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7.  **Person who served papers**
  a.  Name: Maureen Hillel, Paralegal
  b.  Address: Vaziri Law Group, APC., 5757 Wilshire Blvd., Suite 670, Los Angeles, CA 90036
  c.  Telephone number:
  d.  **The fee** for service was: $
  e.  I am:
    (1) ☑ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☐ a registered California process server:
      (i) ☐ owner ☐ employee ☐ independent contractor.
      (ii) Registration No.:
      (iii) County:

8.  ☑  **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9.  ☐  **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: 1/28/2022

Maureen Hillel, Paralegal
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ */s/ Maureen Hillel*
(SIGNATURE )

**PROOF OF SERVICE OF SUMMONS**

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO: | FOR COURT USE ONLY |
|---|---|---|

NAME: Siamak Vaziri, Esq. [SBN 242447]; David C. Shay, Esq. [SBN 241702]
FIRM NAME: Vaziri Law Group, APC.
STREET ADDRESS: 5757 Wilshire Blvd., Suite 670
CITY: Los Angeles     STATE: CA     ZIP CODE: 90036
TELEPHONE NO.: 310-777-7540     FAX NO.: 310-777-0373
E-MAIL ADDRESS: dsteam@vazirilaw.com
ATTORNEY FOR (Name): Kevin Bojorquez Lugo, et al

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles
STREET ADDRESS: 312 N. Spring St.
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Spring Street Courthouse

Plaintiff/Petitioner: Kevin Bojorquez Lugo, et al
Defendant/Respondent: Anna Joanna Szmit, et al

| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER:<br>20STCV35342 |
|---|---|

TO (insert name of party being served): 1706718 Alberta Ltd.

---

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing: 1/26/2022

Maureen Hillel     /s/ Maureen Hillel
(TYPE OR PRINT NAME)     (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of (to be completed by sender before mailing):

1. [✓] A copy of the summons and of the complaint.
2. [✓] Other (specify):
   DOE Amendment 3

**(To be completed by recipient):**

Date this form is signed: 01/27/2022

Katherine A. Stewart on behalf of Defendant 1706718 Alberta Ltd.     attorney for Defendant 1706718 Alberta Ltd.
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,     (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)     ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

For your protection and privacy, please press the Clear This Form button after you have printed the form.

Print this form     Save this form     Clear this form

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Los Angeles, State of California.  My business address is 5757 Wilshire Boulevard, Suite 670, Los Angeles, California 90036.

On **1/28/2022**, I served true copies of the following document(s) described as **NOTICE OF ACKNOWLEDGMENT OF 1706718 ALBERTA LTD.** on the interested parties in this action as follows:

_____ **BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with the Law Office of Siamak Vaziri's practice for collecting and processing correspondence for mailing.  On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

_____ **VIA FACSIMILE:** I faxed said documents, to the office(s) of the addressee(s) shown above, and the transmission was reported as complete and without error.

__x__ **BY ELECTRONIC TRANSMISSION:** I transmitted a PDF version of this document by electronic mail to the party(s) identified on the attached service list using the e-mail address(es) indicated.

_____ **BY OVERNIGHT DELIVERY:** I deposition such envelope for collection and delivery by Golden State Overnight with delivery fees paid or provided for in accordance with ordinary business practices. I am "readily familiar" with the firm's practice of collection and processing packages for overnight delivery by Golden State Overnight. They are deposited with a facility regularly maintained by Golden State Overnight for receipt on the same day in the ordinary course of business.

_X__ **(State):** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_____ **(Federal):** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on **1/28/2022**, at Los Angeles, California.

/s/ Maureen Hillel
Maureen Hillel

_**KEVIN BOJORQUEZ LUGO, ET AL V. ANNA JOANNA SZMIT, ET AL**_

**SERVICE LIST**

| | |
|---|---|
| Katherine Stewart, Esq.<br>Christopher D. Nissen, Esq.<br>Ashley Rose, Esq.<br>Wilson Elser Moskowitz Edelman & Dicker LLP<br>555 S. Flower Street - Suite 2900<br>Los Angeles, CA 90071-2407<br>310.902.7833 (Cel)<br>213.330.8860 (Direct)<br>702.727.1400 (Main)<br>213.443.5101 (Fax)<br>Katherine.Stewart@wilsonelser.com<br>christopher.nissen@wilsonelser.com<br>ashley.rose@wilsonelser.com | _Attorneys for Defendants_ T-PINE LEASING CAPITAL CORPORATION AND ANNA JOANNA SZMIT; 2611336 ONTARIO, INC., AND 1706718 ALBERTA LTD. |

# EXHIBIT 14

Electronically FILED by Superior Court of California, County of Los Angeles on 01/28/2022 08:29 PM Sherri R. Carter, Executive Officer/Clerk of Court, by D. A. Khiel, Deputy Clerk

**POS-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Siamak Vaziri, Esq. [SBN 242447]; David C. Shay, Esq. [SBN 241702];<br>Mark J. Nagle, Esq. [SBN 248873]<br>Vaziri Law Group, APC.<br>5757 Wilshire Blvd., Suite 670, Los Angeles, CA 90036<br>TELEPHONE NO.: 310-777-7540    FAX NO. *(Optional):* 310-777-0373<br>E–MAIL ADDRESS *(Optional):* dsteam@vazirilaw.com<br>ATTORNEY FOR *(Name):* Kevin Bojorquez Lugo, et al | *FOR COURT USE ONLY* |

| |
|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles<br>STREET ADDRESS: 312 N. Spring St.<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Los Angeles, CA 90012<br>BRANCH NAME: Spring Street Courthouse |

| | |
|---|---|
| PLAINTIFF/PETITIONER: Kevin Bojorquez Lugo, et al | CASE NUMBER:<br>20STCV35342 |
| DEFENDANT/RESPONDENT: Anna Joanna Szmit, et al | |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:

   a. ☑ summons

   b. ☑ complaint

   c. ☐ Alternative Dispute Resolution (ADR) package

   d. ☑ Civil Case Cover Sheet *(served in complex cases only)*

   e. ☐ cross-complaint

   f. ☑ other *(specify documents):* Conformed proof of service of T-Pine Leasing Capital Corporation

3. a. Party served *(specify name of party as shown on documents served):*

   T-Pine Leasing Capital Corporation

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

   Katherine A. Stewart on behalf of Defendant T-Pine LeasingCapital Corporation

4. Address where the party was served:

5. I served the party *(check proper box)*

   a. ☐ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party  (1) on *(date):*                    (2) at *(time):*

   b. ☐ **by substituted service.** On *(date):*            at *(time):*            I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

       (1) ☑ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

       (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

       (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box.  I informed him or her of the general nature of the papers.

       (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*        from *(city):*            **or** ☐ a declaration of mailing is attached.

       (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

| PLAINTIFF/PETITIONER: Kevin Bojorquez Lugo, et al | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Anna Joanna Szmit, et al | 20STCV35342 |

5. c. ☑ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on (date): 1/26/2022    (2) from (city): Los Angeles, CA

    (3) ☑ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*) (Code Civ. Proc., § 415.30.)*

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☑ **by other means** *(specify means of service and authorizing code section):*
    Electronic Service (e-mail)

  ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☑ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify):*
  c. ☐ as occupant.
  d. ☐ On behalf of *(specify):*
    under the following Code of Civil Procedure section:

| | |
|---|---|
| ☐ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. **Person who served papers**
  a. Name: Maureen Hillel, Paralegal
  b. Address: Vaziri Law Group, APC., 5757 Wilshire Blvd., Suite 670, Los Angeles, CA 90036
  c. Telephone number:
  d. **The fee** for service was: $
  e. I am:
    (1) ☑ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☐ a registered California process server:
      (i) ☐ owner ☐ employee ☐ independent contractor.
      (ii) Registration No.:
      (iii) County:

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

  or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: 1/28/2022

Maureen Hillel, Paralegal
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ /s/ Maureen Hillel
(SIGNATURE )

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO: | FOR COURT USE ONLY |
|---|---|---|

NAME:  Siamak Vaziri, Esq. [SBN 242447]; David C. Shay, Esq. [SBN 241702]
FIRM NAME:  Vaziri Law Group, APC.
STREET ADDRESS:  5757 Wilshire Blvd., Suite 670
CITY:  Los Angeles          STATE:  CA     ZIP CODE:  90036
TELEPHONE NO.:  310-777-7540     FAX NO.:  310-777-0373
E-MAIL ADDRESS:  dsteam@vazirilaw.com
ATTORNEY FOR (Name):  Kevin Bojorquez Lugo, et al

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles
STREET ADDRESS: 312 N. Spring St.
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Spring Street Courthouse

Plaintiff/Petitioner: Kevin Bojorquez Lugo, et al
Defendant/Respondent: Anna Joanna Szmit, et al

| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER: 20STCV35342 |
|---|---|

TO *(insert name of party being served):* T-Pine Leasing Capital Corporation

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing:  1/26/2022

Maureen Hillel
(TYPE OR PRINT NAME)

▶  */s/ Maureen Hillel*
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*

1. [✓] A copy of the summons and of the complaint.
2. [  ] Other *(specify):*

*(To be completed by recipient):*

Date this form is signed:  1/27/2022

Katherine A. Stewart on behalf of Defendant T-Pine Leasing
Capital Corporation
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶  Attorney for Defendant T-Pine Leasing Capital Corporation
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,
§§ 415.30, 417.10
*www.courtinfo.ca.gov*

For your protection and privacy, please press the Clear This Form button after you have printed the form.

[ Print this form ]   [ Save this form ]   [ Clear this form ]

## <u>PROOF OF SERVICE</u>

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 5757 Wilshire Boulevard, Suite 670, Los Angeles, California 90036.

On **1/28/2022**, I served true copies of the following document(s) described as **NOTICE OF ACKNOWLEDGMENT OF T-PINE CORPORATION** on the interested parties in this action as follows:

\_\_\_\_ **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the Law Office of Siamak Vaziri's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

\_\_\_\_ **VIA FACSIMILE:** I faxed said documents, to the office(s) of the addressee(s) shown above, and the transmission was reported as complete and without error.

\_\_x\_\_ **BY ELECTRONIC TRANSMISSION:** I transmitted a PDF version of this document by electronic mail to the party(s) identified on the attached service list using the e-mail address(es) indicated.

\_\_\_\_ **BY OVERNIGHT DELIVERY:** I deposition such envelope for collection and delivery by Golden State Overnight with delivery fees paid or provided for in accordance with ordinary business practices. I am "readily familiar" with the firm's practice of collection and processing packages for overnight delivery by Golden State Overnight. They are deposited with a facility regularly maintained by Golden State Overnight for receipt on the same day in the ordinary course of business.

\_X\_\_ **(State):** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

\_\_\_\_ **(Federal):** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on **1/28/2022**, at Los Angeles, California.

/s/ Maureen Hillel
Maureen Hillel

1

### KEVIN BOJORQUEZ LUGO, ET AL V. ANNA JOANNA SZMIT, ET AL

2

**SERVICE LIST**

| Katherine Stewart, Esq.<br>Christopher D. Nissen, Esq.<br>Ashley Rose, Esq.<br>Wilson Elser Moskowitz Edelman & Dicker LLP<br>555 S. Flower Street - Suite 2900<br>Los Angeles, CA 90071-2407<br>310.902.7833 (Cel)<br>213.330.8860 (Direct)<br>702.727.1400 (Main)<br>213.443.5101 (Fax)<br>Katherine.Stewart@wilsonelser.com<br>christopher.nissen@wilsonelser.com<br>ashley.rose@wilsonelser.com | *Attorneys for Defendants* T-PINE LEASING CAPITAL CORPORATION AND ANNA JOANNA SZMIT; 2611336 ONTARIO, INC., AND 1706718 ALBERTA LTD. |
|---|---|

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 15

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Siamak Vaziri, Esq. [SBN 242447]; David C. Shay, Esq. [SBN 241702]; Mark J. Nagle, Esq. [SBN 248873] <br> Vaziri Law Group, APC. <br> 5757 Wilshire Blvd., Suite 670, Los Angeles, CA 90036 <br> TELEPHONE NO.: 310-777-7540    FAX NO. *(Optional):* 310-777-0373 <br> E–MAIL ADDRESS *(Optional):* dsteam@vazirilaw.com <br> ATTORNEY FOR *(Name):* Kevin Bojorquez Lugo, et al | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles |
|---|
| STREET ADDRESS: 312 N. Spring St. <br> MAILING ADDRESS: <br> CITY AND ZIP CODE: Los Angeles, CA 90012 <br> BRANCH NAME: Spring Street Courthouse |

| PLAINTIFF/PETITIONER: Kevin Bojorquez Lugo, et al | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Anna Joanna Szmit, et al | 20STCV35342 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.: |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. ☑ summons
   b. ☑ complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☑ other *(specify documents):* Conformed DOE Amendment 2, 2611336 Ontario, Inc.

3. a. Party served *(specify name of party as shown on documents served):*
      1706718 Alberta Ltd.

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
      Katherine A. Stewart on behalf of Defendant 2611336 Ontario, Inc.

4. Address where the party was served:

5. I served the party *(check proper box)*
   a. ☐ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):*        (2) at *(time):*
   b. ☐ **by substituted service.** On *(date):*        at *(time):*        I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) ☑ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*        from *(city):*        **or** ☐ a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| Form Adopted for Mandatory Use <br> Judicial Council of California <br> POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 |
|---|---|---|

| PLAINTIFF/PETITIONER: Kevin Bojorquez Lugo, et al | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Anna Joanna Szmit, et al | 20STCV35342 |

5. c. ☑ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):* 1/26/2022      (2) from *(city):* Los Angeles, CA

    (3) ☑ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*) (Code Civ. Proc., § 415.30.)*

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☑ **by other means** *(specify means of service and authorizing code section):*
    Electronic Service (e-mail)

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☑ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify):*
  c. ☐ as occupant.
  d. ☐ On behalf of *(specify):*
    under the following Code of Civil Procedure section:

    ☐ 416.10 (corporation)      ☐ 415.95 (business organization, form unknown)
    ☐ 416.20 (defunct corporation)      ☐ 416.60 (minor)
    ☐ 416.30 (joint stock company/association)      ☐ 416.70 (ward or conservatee)
    ☐ 416.40 (association or partnership)      ☐ 416.90 (authorized person)
    ☐ 416.50 (public entity)      ☐ 415.46 (occupant)
    ☐ other:

7. **Person who served papers**
  a. Name: Maureen Hillel, Paralegal
  b. Address: Vaziri Law Group, APC., 5757 Wilshire Blvd., Suite 670, Los Angeles, CA 90036
  c. Telephone number:
  d. **The fee** for service was: $
  e. I am:

    (1) ☑ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☐ a registered California process server:
      (i) ☐ owner ☐ employee ☐ independent contractor.
      (ii) Registration No.:
      (iii) County:

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: 1/28/2022

Maureen Hillel, Paralegal         ▶ */s/ Maureen Hillel*
_____        _____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)      (SIGNATURE )

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY:                    STATE BAR NO: | FOR COURT USE ONLY |
|---|---|
| NAME: Siamak Vaziri, Esq. [SBN 242447]; David C. Shay, Esq. [SBN 241702] <br> FIRM NAME: Vaziri Law Group, APC. <br> STREET ADDRESS: 5757 Wilshire Blvd., Suite 670 <br> CITY: Los Angeles          STATE: CA     ZIP CODE: 90036 <br> TELEPHONE NO.: 310-777-7540      FAX NO.: 310-777-0373 <br> E-MAIL ADDRESS: dsteam@vazirilaw.com <br> ATTORNEY FOR (Name): Kevin Bojorquez Lugo, et al | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 312 N. Spring St.
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Spring Street Courthouse

Plaintiff/Petitioner: Kevin Bojorquez Lugo, et al
Defendant/Respondent: Anna Joanna Szmit, et al

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER: <br> 20STCV35342 |
|---|---|

TO (insert name of party being served): 2611336 Ontario, Inc.

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: 1/26/2022

Maureen Hillel                                           /s/ Maureen Hillel
(TYPE OR PRINT NAME)                    (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of (to be completed by sender before mailing):

1. ☑ A copy of the summons and of the complaint.
2. ☑ Other (specify):
   DOE Amendment 2

(To be completed by recipient):

Date this form is signed: 1/27/2022

Katherine A. Stewart on behalf of Defendant 2611336 Ontario Inc.          Attorney for Defendant 2611336 Ontario Inc.
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,          (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)          ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

| Form Adopted for Mandatory Use <br> Judicial Council of California <br> POS-015 [Rev. January 1, 2005] | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL** | Code of Civil Procedure, <br> §§ 415.30, 417.10 <br> www.courtinfo.ca.gov |
|---|---|---|

For your protection and privacy, please press the Clear This Form button after you have printed the form.

[ Print this form ]   [ Save this form ]   [ Clear this form ]

## **PROOF OF SERVICE**

### **STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 5757 Wilshire Boulevard, Suite 670, Los Angeles, California 90036.

On **1/28/2022**, I served true copies of the following document(s) described as **NOTICE OF ACKNOWLEDGMENT OF 2611336 ONTARIO, INC.** on the interested parties in this action as follows:

_____ **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the Law Office of Siamak Vaziri's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

_____ **VIA FACSIMILE:** I faxed said documents, to the office(s) of the addressee(s) shown above, and the transmission was reported as complete and without error.

__x__ **BY ELECTRONIC TRANSMISSION:** I transmitted a PDF version of this document by electronic mail to the party(s) identified on the attached service list using the e-mail address(es) indicated.

_____ **BY OVERNIGHT DELIVERY:** I deposition such envelope for collection and delivery by Golden State Overnight with delivery fees paid or provided for in accordance with ordinary business practices. I am "readily familiar" with the firm's practice of collection and processing packages for overnight delivery by Golden State Overnight. They are deposited with a facility regularly maintained by Golden State Overnight for receipt on the same day in the ordinary course of business.

_X__ **(State):** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_____ **(Federal):** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on **1/28/2022**, at Los Angeles, California.

/s/ Maureen Hillel
_____
Maureen Hillel

1

### *KEVIN BOJORQUEZ LUGO, ET AL V. ANNA JOANNA SZMIT, ET AL*

2

**SERVICE LIST**

| | |
|---|---|
| Katherine Stewart, Esq.<br>Christopher D. Nissen, Esq.<br>Ashley Rose, Esq.<br>Wilson Elser Moskowitz Edelman & Dicker LLP<br>555 S. Flower Street - Suite 2900<br>Los Angeles, CA 90071-2407<br>310.902.7833 (Cel)<br>213.330.8860 (Direct)<br>702.727.1400 (Main)<br>213.443.5101 (Fax)<br>Katherine.Stewart@wilsonelser.com<br>christopher.nissen@wilsonelser.com<br>ashley.rose@wilsonelser.com | *Attorneys for Defendants* T-PINE LEASING CAPITAL CORPORATION AND ANNA JOANNA SZMIT; 2611336 ONTARIO, INC., AND 1706718 ALBERTA LTD. |

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 16

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Spring Street Courthouse, Department 31

| | |
|---|---|
| 20STCV35342 | February 2, 2022 |
| **KEVIN BOJORQUEZ LUGO, et al. vs ANNA JOANNA SZMIT, et al.** | 11:57 AM |

| | |
|---|---|
| Judge: Honorable Audra Mori | CSR: None |
| Judicial Assistant: J. Aguayo | ERM: None |
| Courtroom Assistant: None | Deputy Sheriff: None |

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s):  No Appearances


**NATURE OF PROCEEDINGS:** Court Order Re: Stipulation to Continue Trial

The Court reads and considers the stipulation to continue trial and rules as follows:

The case is not at issue.

On the Court's own motion, the Final Status Conference scheduled for 03/01/2022, and Non-Jury Trial scheduled for 03/15/2022 are advanced to this date and vacated .

Order to Show Cause Re: Dismissal for Failure to File Proof of Service alternatively a Trial Setting Conference is scheduled for 03/24/2022 at 08:30 AM in Department 31 at Spring Street Courthouse.

The Clerk is directed to give notice.

Certificate of Mailing is attached.

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>02/02/2022<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ J. Aguayo _____ Deputy |
| PLAINTIFF/PETITIONER:<br>Kevin Bojorquez Lugo  et al | |
| DEFENDANT/RESPONDENT:<br>Anna Joanna Szmit et al | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>20STCV35342 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Minute Order (Court Order Re: Stipulation to Continue Trial) of 02/02/2022  upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Federico  Stea
Vaziri Law Group
5757 Wilshire Blvd., # 670
Los Angeles, CA  90036

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: 02/2/2022

By:  J. Aguayo _____
Deputy Clerk

**CERTIFICATE OF MAILING**

| | | |
|---|---|---|
| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY:<br>Siamak Vaziri, Esq. [SBN 242447]<br>Vaziri Law Group, 5757 Wilshire Blvd.<br>Suit 670<br>Los Angeles. CA 90036<br>TELEPHONE NO.: 310-777-7540    FAX NO.: 310-777-0373<br>E-MAIL ADDRESS: dsteam@vazirilaw.com<br>ATTORNEY FOR (Name): Kevin Bojorquez Lugo, et al | STATE BAR NUMBER | Reserved for Clerk's File Stamp |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:
Spring Street Courthouse, 312 N. Spring Street, Los Angeles, CA 90012

PLAINTIFF:
Kevin Bojorquez Lugo, et al

DEFENDANT:
Anna Joanna Szmit, et al

| | |
|---|---|
| **[PROPOSED] ORDER AND STIPULATION TO CONTINUE TRIAL, FSC [AND RELATED MOTION/DISCOVERY DATES] PERSONAL INJURY COURTS ONLY  (CENTRAL DISTRICT)** | CASE NUMBER:<br>**20STCV35342** |

Date complaint filed: 9/15/2020 .

In this matter pending in Department ☐ 27, ☐ 28, ☐ 29, ☐ 30, ■ 31,   32 all parties stipulate to continue/advance:

(a) The current trial date from 3-15-2022 **to** 9-15-2022 at 8:30 a.m.;

                                   Date                  Date

(b) The Final Status Conference from 3-1-2022 **to** 9-6-2022 at 10:00 a.m. [eight court days

                                        Date                  Date

    before trial];

    AND;

(c) That all discovery and motion cut-offs dates   ■ will   ☐ will not  be based upon new trial date.

(d) No more than two (2) trial continuances may be approved by stipulation; the first for a maximum of 120 days, and the second for a maximum of 60 days.  Any stipulated request for continuance which would result in a trial date that is more than 24 months from the date of filing of the complaint requires judicial approval by way of a court order.  This is the FIRST continuance.

| COUNSEL FOR PLAINTIFF: | COUNSEL FOR DEFENDANT: |
|---|---|
| /s/ Siamak Vaziri | |
| Signature | Signature |
| Siamak Vaziri    1/28/2022 | Katherine Stewart  1/27/2022 |
| Name/Date (print) | Name/Date (print) |
| | |
| Signature | Signature |
| | |
| Name/Date (print) | Name/Date (print) |

**IT IS SO ORDERED.  Plaintiff shall give notice.**

| | |
|---|---|
| Date | Judicial Officer |

**[PROPOSED] ORDER AND STIPULATION TO CONTINUE TRIAL, FSC [AND RELATED MOTION/DISCOVERY DATES] PERSONAL INJURY COURTS ONLY (CENTRAL DISTRICT)**

## **PROOF OF SERVICE**

### **STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Los Angeles, State of California.  My business address is 5757 Wilshire Boulevard, Suite 670, Los Angeles, California 90036.

On **1/28/2022**, I served true copies of the following document(s) described as **JOINT STIPULATION TO CONTINUE TRIAL** on the interested parties in this action as follows:

\_\_\_\_ **BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with the Law Office of Siamak Vaziri's practice for collecting and processing correspondence for mailing.  On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

\_\_\_\_ **VIA FACSIMILE:** I faxed said documents, to the office(s) of the addressee(s) shown above, and the transmission was reported as complete and without error.

\_\_x\_\_ **BY ELECTRONIC TRANSMISSION:** I transmitted a PDF version of this document by electronic mail to the party(s) identified on the attached service list using the e-mail address(es) indicated.

\_\_\_\_ **BY OVERNIGHT DELIVERY:** I deposition such envelope for collection and delivery by Golden State Overnight with delivery fees paid or provided for in accordance with ordinary business practices. I am "readily familiar" with the firm's practice of collection and processing packages for overnight delivery by Golden State Overnight. They are deposited with a facility regularly maintained by Golden State Overnight for receipt on the same day in the ordinary course of business.

\_X\_\_ **(State):** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

\_\_\_\_ **(Federal):** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on **1/28/2022**, at Los Angeles, California.


/s/ Maureen Hillel
Maureen Hillel

*KEVIN BOJORQUEZ LUGO, ET AL V. ANNA JOANNA SZMIT, ET AL*

**SERVICE LIST**

| | |
|---|---|
| Katherine Stewart, Esq.<br>Christopher D. Nissen, Esq.<br>Ashley Rose, Esq.<br>Wilson Elser Moskowitz Edelman & Dicker LLP<br>555 S. Flower Street - Suite 2900<br>Los Angeles, CA 90071-2407<br>310.902.7833 (Cel)<br>213.330.8860 (Direct)<br>702.727.1400 (Main)<br>213.443.5101 (Fax)<br>Katherine.Stewart@wilsonelser.com<br>christopher.nissen@wilsonelser.com<br>ashley.rose@wilsonelser.com | *Attorneys for Defendants* T-PINE LEASING CAPITAL CORPORATION AND ANNA JOANNA SZMIT; 2611336 ONTARIO, INC., AND 1706718 ALBERTA LTD. |

EXHIBIT 17

# LAW OFFICES OF MICKEY FINE

1334 PARK VIEW AVE., SUITE 100
MANHATTAN BEACH, CA 90266-3788
TELEPHONE: (661) 333-3333
FACSIMILE: (424) 277-3805
mfine@mickeyfinelaw.com
Personalinjurybakersfield.com

April 7, 2020

File No.
3533

**VIA EMAIL**
chanda.rowson@rsagroup.ca

Chanda Rowson
RSA Insurance
#300, 326 – 11th Ave SW
Calgary, Alberta, Candada T2R 0C5

| Re: | Our Client(s): | **Humberto Prado; Kevin Lugo; Carlos Garcia** |
|---|---|---|
| | Your Insured(s): | **Anna Szmit; TPine Leasing Capital** |
| | Claim No.: | **000-01-114889** |
| | Date of Loss: | **November 9, 2018** |

Dear Chanda Rowson:

As you know, his office represents **Huberto Prado, Kevin Lugo,** and **Carlos Garcia** for all claims for damages arising from the **November 9, 2018,** automobile collision involving your insured(s). The purpose of this letter is to convey our clients' offers to settle their personal injury claims against your insured(s) in exchange for payment of your insured(s)' policy limits of coverage.

## I.  The Collision & Liability

The collision occurred at approximately 3:34 a.m. on the southbound I-5 Freeway in Santa Clarita, California. Your insured driver was operating a tractor-trailer vehicle in the number four lane of traffic when she made a sudden unsafe lane change causing the big-rig to swerve across three lanes of the freeway and sideswipe the Lugo vehicle which was traveling in the number one lane. The impact from the big-rig crushed the Lugo vehicle into the center divider. **The physical evidence, including the tearing of the Lugo vehicle's siding in a forward motion, is consistent with the tractor-trailer sideswiping the Lugo vehicle.** Furthermore, there had just been another collision in the number four lane, which is consistent which Ms. Szmit swerving to avoid the stopped vehicles and losing control of the big-rig.

RSA Insurance
April 7, 2020
Page 2 of 8

### A. <u>Negligence & Negligence Per Se</u>

Your insured(s)' lack of reasonable care in safely controlling the tractor-trailer, paying attention to road conditions, and maintaining a proper speed for said conditions gives rise to liability pursuant to a theory of common law negligence. Furthermore, as explained below, your insured(s) blatant violation of the vehicle code is grounds for imposition of presumptive negligence pursuant to the doctrine of negligence per se.

### 1. **Your Insured's Vehicle Code Violation(s) and Negligence Per Se**

The doctrine of negligence per se states that the failure of a person to exercise due care is presumed if: (1) he violated a statute, ordinance, or regulation; (2) the violation proximately caused injury to person or property; (3) the injury resulted from an occurrence the nature of which the statute, ordinance, or regulation was designed to prevent; and (4) the person suffering the injury to his person or property was one of the class of persons for whose protection the statute, ordinance, or regulation was adopted. (Cal. Evid. Code § 669.)

In this case, your insured was guilty of committing the following vehicle code violation:

- California Vehicle Code § 21655(b) which requires tractor-trailer vehicles to drive in the rightmost two lanes of the highway as follows: "when a specific lane or lanes have not been so designated, any of those vehicles [defined in Veh. Code Sec. 22406 to include 3 axle vehicles] **shall be driven in the right-hand lane for traffic or as close as practicable to the right edge or curb. If, however, a specific lane or lanes have not been designated on a divided highway having four or more clearly marked lanes for traffic in one direction, any of those vehicles may also be driven in the lane to the immediate left of that right-hand lane, unless otherwise prohibited under this code.** When overtaking and passing another vehicle proceeding in the same direction, the driver shall use either the designated lane, the lane to the immediate left of the right-hand lane, or the right-hand lane for traffic as permitted under this code."

The vehicle code is designed to protect other persons on the roadways. In this case, Kevin, Humberto, and Carlos were present on the roadway and were within the class of persons whom the vehicle code was designed to protect. Specifically, in this case, the vehicle code is designed to protect passenger vehicles from the danger of large tractor-trailer vehicles by requiring big-rigs to remain only in the two rightmost lanes. Your insured(s)' violation of the vehicle code (i.e. driving in the number 1 lane, which she admitted to doing) led to this accident and gives rise to a presumption of negligence. Your insured(s) are 100% liable for this collision

### B. <u>Negligence Against Your Insured Owners/Employers</u>

In addition to liability being imposed against your insured driver, independent liability may be assessed against your insured owners/employers under the following theories of

OFFICES

MANHATTAN BEACH, CA 90266                                BAKERSFIELD, CA 93301

**Please send correspondence to 1334 Park View Ave., Suite 100, Manhattan Beach, CA 90266**

RSA Insurance
April 7, 2020
Page 3 of 8

recovery:

- Respondeat superior/vicarious liability;
- Negligent entrustment;
- Negligent hiring, training, retention and supervision.

## II.  Injuries & Damages

This was a violent collision.  The force of the impact caused the Lugo vehicle to be crushed into the concrete center divider.  The Lugo vehicle was declared a **total loss at over $18,000.00**. [1]  As a result of this collision, Hubmerto, Kevin and Carlos sustained serious injuries:

### A.  Humberto Prado

Humberto initially was seen at Kaiser Permanente and then, given the severity, of his injuries followed up with orthopedic surgeon, Michael Price, M.D.  Humberto has sustained severe injuries which have required surgical intervention as outlined below:

#### 1.  Left Knee ACL and Meniscus Tear Requiring Surgery

Humberto had acute pain in his left knee.  There was severely restricted range of motion and swelling.  Dr. Price ordered an MRI which revealed the following:

> **Left Knee MRI:  Tear** involving the body and posterior horn of the **medial meniscus**; Grade I sprain of the medial collateral ligament; **Full thickness tear of the anterior cruciate ligament** ("ACL").

Given the findings on the MRI, Dr. Price informed Humberto that he had no choice but to undergo **left knee ACL reconstruction surgery**, which he did on February 20, 2019.  Following his surgery, Humberto underwent weeks of rehabilitation therapy; however, Humberto's knee has experienced a resurgence of pain which is consistent with post-operative changes and with the changes present on a recent x-ray, which will require Humberto to undergo a **total knee replacement** within the next 5 to 10 years.  Recently Humberto's knee has been extremely painful and inflamed to the point that he is scheduled to return to Dr. Price in April to determine his future treatment options, including surgery.

#### 2.  Right Ankle Injury

Following the collision, Humberto had acute pain in his right ankle along with reduced range of motion.  An MRI revealed **sprains of the anterior and posterior talofibular ligament** along with osteochondral lesion, tenosynovitis, and effusion.  Humberto underwent a **right ankle platelet rich plasma** ("PRP") injection which did not provide lasting relief.  Given the findings

---

[1] Vehicle photographs enclosed herewith.

RSA Insurance
April 7, 2020
Page 4 of 8

on the MRI along with the failure of conservative treatment, Dr. Price has recommended that Humberto undergo **right ankle arthroscopic surgery and debridement**.

### 3. Left Toe Injury

Humberto had pain in his left toe following the accident.  Examination by Dr. Price revealed **clawing of the second toe with tenderness over the MTP joint**.  A left foot MRI revealed a subchondral cyst as well as a small **bone fragment**.  Dr. Price diagnosed Hubmerto with a traumatic toe injury.

### 4. Lumbar Spine Herniations

Humberto had acute low back pain which failed to resolve.  A lumbar spine MRI revealed a **3.2 mm protrusion at L4-L5** with neuralforaminal narrowing and a **4.5 mm protrusion at L5-S1** with an annular tear.  Dr. Price informed Humberto that at a minimum, he required a PRP injection in his lumbar spine,

#### Humberto Prado's Past Medical Special Damages

| Provider | Cost |
|---|---|
| Kaiser Permanente | Pending |
| Michael Price, M.D. | Pending |
| Pledge Medical | Pending |
| Pair & Moratta PT | Pending |
| Expert MRI | $6,780.00 |
| Progressive Orthopedic Solutions | $4,040.00 |
| Quest Diagnostics | $235.85 |
| Red Rock Imaging | $190.00 |
| Accurate Medical Solutions | $3,990.00 |
| **Total Known Past Medical Specials** | **$15,235.85** |

#### Humberto Prado's Future Medical Special Damages

| Provider | Cost |
|---|---|
| Right Ankle Surgery | $68,000.00 |
| Total Knee Replacement | $80,000.00 |
| Lumbar Spine PRP Injection | $7,500.00 |
| **Total Future Medical Specials** | **$155,500.00** |

### B. Kevin Lugo

Kevin initially was seen at Kaiser Permanente and then, given the acute nature, of his injuries followed up with orthopedic surgeon, Michael Price, M.D. and pain management specialist, Nitesh Patel, M.D.  Kevin has sustained severe injuries which have required surgical

RSA Insurance
April 7, 2020
Page 5 of 8

intervention as outlined below:

### 1.  Right Shoulder Labral Tear Requiring Surgery

Following the accident, Kevin had acute pain in his right shoulder. Dr. Price ordered an MRI which revealed an **anterior glenoid labral tear** along with bursitis, rotator cuff tendinosis, and effusion. Given the finding on the MRI which correlated clinically with Kevin's symptoms, Dr. Price advised Kevin that he required arthroscopic **labral repair and debridement** which he underwent on March 6, 2019.

### 2.  Lumbar Spine Herniations Requiring Injections

In addition to shoulder pain, following the collision, Kevin began to have acute pain in his lumbar spine. Dr. Price ordered a lumbar spine MRI which revealed a **1.5 mm protrusion at L4-L5** with facet joint hypertrophy and a **2.1 mm** protrusion at L5-S1 with facet joint hypertrophy. Dr. Price recommended that Kevin undergo a **lumbar PRP injection**, which he did. The PRP injection failed to provide relief; therefore, Dr. Price referred Kevin to Nitesh Patel, M.D. who recommended that Kevin undergo a series of lumbar spine facet injections. On July 11, 2019, Kevin underwent **facet injections bilaterally from L4 to S1**.

### 3.  Pain and Soreness in Neck and Hemipelvis

Kevin also had symptomology of his neck and hemipelvis in the area of his gluteal muscles. A cervical spine MRI revealed **multi-level herniations**. A pelvis MRI was thankfully negative for fractures.

### Kevin Lugo's Past Medical Special Damages

| Provider | Cost |
|---|---|
| Kaiser Permanente | Pending |
| Michael Price, M.D. | Pending |
| Pledge Medical | Pending |
| Expert MRI | $8,475.00 |
| Progressive Orthopedic Solutions | $3,128.00 |
| Quest Diagnostics | $1,96.57 |
| Accurate Medical Solutions | $3,990.00 |
| California Back and Pain Specialists | $7,100.00 |
| Nova Surgical Institute | $7,195.00 |
| Terry McElroy, M.D. | $1,750.00 |
| **Total Known Past Medical Specials** | **$31,834.57** |

### Kevin Lugo's Future Medical Special Damages

| Procedure | Cost |
|---|---|

RSA Insurance
April 7, 2020
Page 6 of 8

| Lumbar Facet Injections | $10,000 to $15,000 per injection |
| Lumbar Rhizotomy | $20,000 to $25,000.00 |

### C. Carlos Garcia

Carlos was initially seen in the emergency room, following which Carlos was referred to orthopedic surgeon, Michael Price, M.D.  As a result of this collision, Carlos sustained serious acute injuries as follows:

### 1. Lumbar Spine Herniations Requiring Injections

Carlos had acute pain in his lumbar spine following the collision.  Carlos was referred to orthopedic surgeon, Michael Price, M.D. who ordered a lumbar spine MRI which revealed the following spinal herniations:

- L2-L3. A disc protrusion is identified. Disc material abuts the thecal sac. Disc deformity measures 1.9 mm.
- L3-L4. A disc protrusion is identified. Disc material abuts the thecal sac. Disc deformity measures 1.9 mm.
- L4-L5. A disc protrusion is identified. Disc material abuts the thecal sac. Disc deformity measures 1.9 mm.
- L5-S1. A central disc protrusion is identified. Disc material abuts the thecal sac. Annular fissure is identified.  Disc deformity measures 3.3 mm

Given the findings on the MRI, Dr Price recommended that Carlos undergo a lumbar spine PRP injection.  **Carlos underwent a lumbar spine PRP injection.**  Upon his discharge from Dr. Price's care Carlos was given **permanent restrictions of no lifting over 25 pounds which is anathema to his job in construction.**

### 2. Right Shoulder Injury

During the crash, Carlos jammed his right shoulder resulting in acute shoulder pain.  An MRI revealed **rotator cuff tendinosis**.  Dr. Price diagnoses Carlos with **subacromial bursitis and impingement along with rotator cuff tendinosis**.

### Carlos Garcia's Past Medical Special Damages

| Provider | Cost |
|---|---|
| ER | Pending |
| Michael Price, M.D. | Pending |
| Expert MRI | $5,085.00 |
| **Total Known Past Medical Specials** | **$5,085.00** |

RSA Insurance
April 7, 2020
Page 7 of 8

### Carlos Garcia's Future Medical Special Damages

| Procedure | Cost |
|---|---|
| Repeat Lumbar PRP | $7,500.00 per injection |

#### D.  Loss of Earnings

Given the severe  and (sometimes) surgical nature of our clients' injuries, Kevin, Humberto, and Carlos were unable to work following this collision.  Kevin, Humberto and Carlos have significant past and future loss of earnings claims.

### III. Multiple Demands

Please note that each of our clients are making separate demands for the applicable policy limits.  The settlement of one claim is not contingent upon the settlement of another.  In the event that your insureds' policy has a per person limit, our clients will settle their bodily injury claims for the full amount of the per person policy limit on all applicable policies.  If your insureds' policy has a combined single limit, our clients are collectively willing to settle their claims for the full amount of the single limits of coverage.

### IV.  Settlement Offer & Terms of Settlement

**Humberto Prado, Kevin Lugo, and Carlos Garcia** offer to settle their personal injury claims against your insureds in exchange for payment of your insureds' policy limits of coverage for this accident (*see above re multiple demands*). This offer will remain open for **21 days** from the date of this letter.  If you wish to accept this offer, we must receive an unqualified acceptance in writing by 5:00 p.m. on the **twenty-first** day from the date of this letter.

If you choose to accept our settlement offer, we require the following be provided within 30 days of the date of acceptance:

1.      A signed, sworn, notarized, statement from your insured driver stating whether he was performing an employment-related task at the time of the collision and the exact nature and purpose of your insured's activities at the time of the subject collision, including the identity of any person or entity for whom your insured was acting at the time of the collision, if any.  If your insured driver was in the course and scope of employment or acting as an agent of another, this policy limit offer is revoked.  The statement must identify your insured's employer(s).  Please note that at our discretion, we reserve the right to require a further detailed declaration from your insured to verify your representations regarding any agency or employment issues.

2.      A signed, sworn, notarized, statement from your insured owner and driver, if different, stating they carry no other liability policies providing coverage for this claim.  If there are additional applicable liability policies, this policy limit offer is revoked.

3.      The written release; as well as

RSA Insurance
April 7, 2020
Page 8 of 8

4.      Proof in writing of your insured's applicable policy limits.

**This offer only applies to persons or entities insured under the policy.  Any release we may subsequently receive from you that attempts to release non-insureds from liability will be treated as a counter-offer.**

We know if you offer your insured's liability policy limits, you need to make sure your insured is protected from additional claims.  To this end, our settlement offer includes the settlement of any statutory liens, survivorship claims, or Workers' Compensation liens your insured may be responsible for as a result of this collision.  Further we realize that any action that we might take against any other responsible party not be covered under your policy may result in a claim or action against your insured on a cross-complaint for equitable indemnity.  Therefore, we agree that your proper and timely acceptance of this offer can be conditioned upon the court's determination of the good faith of this settlement pursuant to C.C.P § 877.6.  Please note that time is of the essence with regard to this provision and that you are responsible for filing the application for good faith settlement within 30 days of acceptance of this offer.

It is our intent to allow you the opportunity to investigate our client's claim and either accept or reject this offer.  We believe that we have provided you with more than sufficient information to evaluate this claim.  However, if there is anything else you need to help you evaluate this claim, please contact us.  If you believe this settlement offer is unclear, or if you have concerns or needs not addressed in this offer, please contact us for clarification.  We strongly advise you to begin your evaluation without delay.

Very truly yours,

**LAW OFFICES OF MICKEY FINE**

MICKEY L. FINE

MLF
Enclosures: as stated

OFFICES

MANHATTAN BEACH, CA 90266                                   BAKERSFIELD, CA 93301

**Please send correspondence to 1334 Park View Ave., Suite 100, Manhattan Beach, CA  90266**

EXHIBIT 18

Request Search Products

If you want to maintain this corporation you need to be logged in and have authority over it.

## General Details

| | |
|---|---|
| **Corporation Name** | 2197036 ONTARIO INC. |
| **Ontario Corporation Number (OCN)** | 2197036 |
| **Incorporation Date** | February 03, 2009 |
| **Type** | Ontario Business Corporation |
| **Status** | Active |
| **Governing Jurisdiction** | Canada - Ontario |
| **Registered or Head Office Address** | Georgetown, Ontario, Canada |

The information shown above sets out the most recent information filed on or after June 27, 1992, and recorded in the Ontario Business Information System.

# EXHIBIT 19

Request Search Products

If you want to maintain this corporation you need to be logged in and have authority over it.

## General Details

| | |
|---|---|
| **Corporation Name** | 2611336 ONTARIO INC. |
| **Ontario Corporation Number (OCN)** | 2611336 |
| **Incorporation Date** | December 15, 2017 |
| **Type** | Ontario Business Corporation |
| **Status** | Active |
| **Governing Jurisdiction** | Canada - Ontario |
| **Registered or Head Office Address** | Milton, Ontario, Canada |

The information shown above sets out the most recent information filed on or after June 27, 1992, and recorded in the Ontario Business Information System.

EXHIBIT 20

Request Search Products

If you want to maintain this corporation you need to be logged in and have authority over it.

## General Details

| | |
|---|---|
| **Corporation Name** | TPINE LEASING CAPITAL CORPORATION |
| **Ontario Corporation Number (OCN)** | 1888217 |
| **Registration Date** | November 11, 1111 |
| **Incorporation/Amalgamation Date** | November 28, 2012 |
| **Commenced Activity in Ontario Date** | November 28, 2012 |
| **Type** | Extra-Provincial Federal Corporation with Share |
| **Status** | Refer to Home Jurisdiction |
| **Governing Jurisdiction** | Canada - Federal |
| **Registered or Head Office Address** | Mississauga, Ontario, Canada |
| **Principal Place of Business in Ontario** | Mississauga, Ontario, Canada |

The information shown above sets out the most recent information filed on or after June 27, 1992, and recorded in the Ontario Business Information System.

# EXHIBIT 21

Request Search Products

If you want to maintain this corporation you need to be logged in and have authority over it.

General Details

| | |
|---|---|
| **Corporation Name** | 1706718 ALBERTA LTD. |
| **Ontario Corporation Number (OCN)** | 1904101 |
| **Registration Date** | November 11, 1111 |
| **Incorporation/Amalgamation Date** | October 25, 2012 |
| **Commenced Activity in Ontario Date** | February 15, 2013 |
| **Type** | Extra-Provincial Domestic Corporation with Share |
| **Status** | Refer to Home Jurisdiction |
| **Governing Jurisdiction** | Canada - Alberta |
| **Registered or Head Office Address** | High River, Alberta, Canada |
| **Principal Place of Business in Ontario** | Milton, Ontario, Canada |

The information shown above sets out the most recent information filed on or after June 27, 1992, and recorded in the Ontario Business Information System.

EXHIBIT 22

○ USDOT Number  ○ MC/MX Number  ○ Name

Enter Value: [2435901]

[Search]

*Company Snapshot*

**2197036 ONTARIO INC**
USDOT Number: 2435901

**ID/Operations** | **Inspections/Crashes In US** | **Inspections/Crashes In Canada** | **Safety Rating**

| Other Information for this Carrier |
| --- |
| ▼ SMS Results |
| ▼ Licensing & Insurance |

**Carriers:** If you would like to update the following ID/Operations information, please complete and submit form MCS-150 which can be obtained online or from your State FMCSA office. If you would like to challenge the accuracy of your company's safety data, you can do so using FMCSA's DataQs system.

**Carrier and other users:** FMCSA provides the Company Safety Profile (CSP) to motor carriers and the general public interested in obtaining greater detail on a particular motor carrier's safety performance then what is captured in the Company Snapshot. To obtain a CSP please visit the CSP order page or call (800)832-5660 or (703)280-4001 (Fee Required).

For help on the explanation of individual data fields, click on any field name or for help of a general nature go to **SAFER General Help**.

**The information below reflects the content of the FMCSA management information systems as of 02/01/2022.**

**To find out if this entity has a pending insurance cancellation, please click here.**

| | | | |
| --- | --- | --- | --- |
| Entity Type: | CARRIER | | |
| Operating Status: | AUTHORIZED FOR Property | Out of Service Date: | None |
| Legal Name: | 2197036 ONTARIO INC | | |
| DBA Name: | HEFTY FREIGHT | | |
| Physical Address: | 35 UPPER CANADA COURT GEORGETOWN, ON  L7G 0L1 | | |
| Phone: | | | |
| Mailing Address: | 35 UPPER CANADA COURT GEORGETOWN, ON  L7G 0L1 | | |
| USDOT Number: | 2435901 | State Carrier ID Number: | |
| MC/MX/FF Number(s): | MC-839962 | DUNS Number: | -- |
| Power Units: | 30 | Drivers: | 30 |
| MCS-150 Form Date: | 08/24/2021 | MCS-150 Mileage (Year): | 1,500,000 (2020) |

**Operation Classification:**

| | | |
| --- | --- | --- |
| X Auth. For Hire | Priv. Pass.(Non-business) | State Gov't |
| Exempt For Hire | Migrant | Local Gov't |
| Private(Property) | U.S. Mail | Indian Nation |
| Priv. Pass. (Business) | Fed. Gov't | |

**Carrier Operation:**

| | | |
| --- | --- | --- |
| X Interstate | Intrastate Only (HM) | Intrastate Only (Non-HM) |

**Cargo Carried:**

| | | |
| --- | --- | --- |
| X General Freight | Liquids/Gases | Chemicals |
| Household Goods | Intermodal Cont. | Commodities Dry Bulk |
| Metal: sheets, coils, rolls | Passengers | Refrigerated Food |
| Motor Vehicles | Oilfield Equipment | Beverages |
| Drive/Tow away | Livestock | X Paper Products |
| Logs, Poles, Beams, Lumber | Grain, Feed, Hay | Utilities |
| Building Materials | Coal/Coke | Agricultural/Farm Supplies |
| Mobile Homes | Meat | Construction |
| Machinery, Large Objects | Garbage/Refuse | Water Well |
| Fresh Produce | US Mail | |

**ID/Operations** | Inspections/Crashes In US | **Inspections/Crashes In Canada** | **Safety Rating**

**US Inspection results for 24 months prior to:** **02/01/2022**

Total Inspections: 1
Total IEP Inspections: 0
**Note:** Total inspections may be less than the sum of vehicle, driver, and hazmat inspections. Go to Inspections Help for further information.

Inspections:

| Inspection Type | Vehicle | Driver | Hazmat | IEP |
|---|---|---|---|---|
| Inspections | 1 | 1 | 0 | 0 |
| Out of Service | 0 | 0 | 0 | 0 |
| Out of Service % | 0% | 0% | % | 0% |
| Nat'l Average % as of DATE 12/31/2021* | 21.07% | 5.73% | 4.45% | N/A |

**\*OOS rates calculated based on the most recent 24 months of inspection data per the latest monthly SAFER Snapshot.**

**Crashes reported to FMCSA by states for 24 months prior to:** **02/01/2022**

**Note:** Crashes listed represent a motor carrier's involvement in reportable crashes, without any determination as to responsibility.

Crashes:

| Type | Fatal | Injury | Tow | Total |
|---|---|---|---|---|
| Crashes | 0 | 0 | 0 | 0 |

---

**ID/Operations** | **Inspections/Crashes In US** | Inspections/Crashes In Canada | **Safety Rating**

**Canadian Inspection results for 24 months prior to:** **02/01/2022**

Total inspections: 0
**Note:** Total inspections may be less than the sum of vehicle and driver inspections. Go to Inspections Help for further information.

Inspections:

| Inspection Type | Vehicle | Driver |
|---|---|---|
| Inspections | 0 | 0 |
| Out of Service | 0 | 0 |
| Out of Service % | 0% | 0% |

**Crashes results for 24 months prior to:** **02/01/2022**

**Note:** Crashes listed represent a motor carrier's involvement in reportable crashes, without any determination as to responsibility.

Crashes:

| Type | Fatal | Injury | Tow | Total |
|---|---|---|---|---|
| Crashes | 0 | 0 | 0 | 0 |

---

**ID/Operations** | **Inspections/Crashes In US** | **Inspections/Crashes In Canada** | Safety Rating

*The Federal safety rating does not necessarily reflect the safety of the carrier when operating in intrastate commerce.*

Carrier Safety Rating:

**The rating below is current as of:** **02/01/2022**

**Review Information:**

| Rating Date: | None | Review Date: | None |
|---|---|---|---|
| Rating: | None | Type: | None |

SAFER Home | Feedback | Privacy Policy | USA.gov | Freedom of Information Act (FOIA) | Accessibility | OIG Hotline | Web Policies and Important Links | Plug-ins

Federal Motor Carrier Safety Administration
1200 New Jersey Avenue SE, Washington, DC 20590 • 1-800-832-5660 • TTY: 1-800-877-8339 • Field Office Contacts